## BOTTOMS v. RAILROAD.

(Filed September 13, 1904).

RAILROADS—*Negligence.*

> An instruction that a railroad company must equip its engines with the best approved devices and appliances and that the failure to do so is evidence of negligence, is erroneous.

ACTION by J. D. Bottoms against the Seaboard Air Line Railroad Company, heard by *Judge C. M. Cooke* and a jury, at November Term, 1903, of the Superior Court of NORTHAMPTON County.  From a judgment for the plaintiff the defendant appealed.

*Peebles & Harris* and *Gay & Midyette,* for the plaintiff.
*T. W. Mason, Day & Bell* and *Murray Allen,* for the defendant.

CLARK, C. J.   In this action for damages for destruction of the plaintiff's store alleged to have been set on fire by sparks from the defendant's engine, the Court charged the jury that it was "the duty of railroad companies to equip their engines with the best approved devices and appliances for arresting sparks,"   *   *   *   and that failure to do so was negligence, making the defendant liable for damages if the jury should find that the plaintiff's house was set on fire by sparks from the defendant's engine.   The defendant excepted.

There is error.   In *Witsell v. Railroad,* 120 N. C., 557, this Court said that it was not negligence to fail to adopt improved appliances merely because they are "known" and "approved"; that railroads were not to be held to so strict a rule that they must keep a lookout for improvements and inventions and buy all such as were approved, and held the correct rule to be thus: "It is negligence not to adopt and use all approved appliances *which are in general use.*"   It added that to require the purchase of approved appliances before they had come into general use would be simply to hold that every railroad must have "the latest and best," which would be an unreasonable burden.   This ruling has been uniformly followed since.   In *Greenlee v. Railroad,* 122 N. C., 979, 41 L. R. A., 399, 65 Am. St. Rep., 734, and *Troxler v. Railroad,* 124 N. C., 191, 44 L. R. A., 313, 70 Am. St. Rep., 580, the Court cites with approval from *Witsell v. Railroad, supra,* that it was "not negligence to fail to provide the latest improved appliances" and that "a railroad company is liable for any injury caused by failure to use approved appliances *in general use.*"   The same language is again quoted and approved in *Lloyd v. Hanes* 126 N. C., 364; *Dorsett v. Mfg. Co.,* 131 N. C., 262, and other cases, and repeated as recently as *Marks v. Cotton Mills,* 135 N. C., 290.   The rule laid down in *Aycock v. Railroad,*

89 N. C., 326, is *"usual and proper appliances"* to prevent injury by escaping sparks. This is. about the same ruling as in *Witsell v. Railroad,* in somewhat different language.

The learned counsel for the plaintiff contends that the defendant's witness testified that the engine had the best approved spark-arrester and no witness testified to the contrary, hence as the charge must be read in connection with the evidence, the error being as to a matter not in controversy, was harmless, and that the real point in this part of the charge was as to the continued keeping of the spark-arrester in good condition—as to which the Court charged correctly—and not as to the nature of the spark-arrester, which was not denied to be the "best approved." But Mr. Allen of counsel for the defendant pointed out that while no witness directly testified to the contrary, it was not admitted that it was a proper spark-arrester, the plaintiff's evidence of a shower of large sparks coming from the engine, if believed, tended to question the defendant's evidence of the spark-arrester being the "best approved" pattern, fully as much as it tended to controvert the evidence of its being kept in order.

Error.