This action was brought to recover damages for injuries received by plaintiff, an employee of the defendant, by the fall of a freight elevator on which at the time he was riding, as he alleges, in the performance of his duty. The evidence introduced by the plaintiff tended to show that his duty was to carry filling and warps from the first to the second floor of the mill. This was done by putting the load on the elevator and operating it himself. At the time of the injury he had about 50 pounds of filling and warps on the elevator, which was started by pulling a rope. When the rope was pulled the brake was released and the elevator would rise, and when the rope was turned loose it would stop. The elevator was moved up and down by a cable attached at one of its ends to the carriage and at the other to a heavy weight, the cable winding over a drum three or four times. Plaintiff had been operating the elevator since the first day of February. In September, when he was hurt, he was carrying a load of filling and warps on the elevator, and when he reached the second floor it fell and injured him. Plaintiff did not know what caused the fall. He denied that he had been forbidden by the superintendent or his assistant to use the elevator, and instructed to use the stairway instead, and he also denied that there was any notice posted to the effect that employees should not use the elevator. Plaintiff and other employees were in the habit of using the elevator without objection. There was nothing broken about the elevator to plaintiff's knowledge. It had been operated by him safely that morning and for some time before the day he was injured. There were no "safety catches" on the elevator. There was evidence on the part of defendant tending to show that the elevator was in good condition, as shown by an examination of a machinist made immediately after plaintiff was (62) injured. There was evidence showing the proper manner of operating the elevator and of handling the brake-rope, one of the defendant's witnesses testifying that if the operator holds on to the brake-rope and the elevator is descending, it will strike the floor and the drum and pulley will continue to unwind the coil and make a slack in the cable. That the slack was not the result of any defect in the elevator, but of carelessness of the operator in not turning loose the brake-rope. This witness stated that when he went to the elevator to examine it after the plaintiff fell, he found that the brake-rope had been taken off, *Page 46 
the elevator had been allowed to run too fast and the cable had unwound from the drum. If the brake had been put on at the proper time this would not have happened. The witness also stated that there were no safety catches on the elevator; that he had seen only one, and that was on a passenger elevator. There was also evidence that the plaintiff had been forbidden to use the elevator and told to use the stairway, and that notices had been posted giving like instructions to the employees, At the close of the testimony defendant moved to nonsuit the plaintiff, and also asked for special instructions. This motion and the prayers for instructions were refused, and defendant excepted, as it did to certain instructions given by the court. There was a verdict for the plaintiff and a motion for a new trial by defendant, which being overruled, defendant again excepted. From a judgment for the plaintiff, the defendant appealed.
After stating the case: It is unnecessary to consider more than two of the defendant's exceptions, which relate respectively to the first and second issues. The court charged the jury as follows: "If the jury (63) find that the appliances in common use upon elevators were not provided by the defendant, and that plaintiff, in discharging his duties, was injured thereby, then you will answer the first issue `Yes.'
"Where the negligence of an employer is a continuing one, as the failure to furnish safe appliances in general use, there can be no contributory negligence by the employee which discharges the liability of the employer."
The first of these instructions was erroneous, because there was no evidence that the defendant had failed to equip the elevator with appliances "in common use." It is true that the employer must adopt and use all approved appliances which are in general use. Witsell v. R. R.,120 N.C. 557; Lloyd v. Hanes, 126 N.C. 359; Dorsett v. Mfg. Co.,131 N.C. 262; Marks v. Cotton Mills, 135 N.C. 290; Bottoms v. R. R.,136 N.C. 472. But while this is so, there must be evidence upon which the jury can find that the particular appliance, which it is claimed the employer should have adopted and attached to his elevator, was in general use. It is error for a judge to base an instruction upon a hypothetical state of facts or upon facts of which there is no evidence in the case. This is a well-settled rule, and should be carefully observed in order that the jury in their consideration of the case may be kept strictly within the limits of the evidence and decide the case upon the *Page 47 
facts, and not upon mere conjecture or surmise. If their attention is diverted from the true questions involved in the case and directed to irrelevant matters, their conclusion cannot be relied on with safety as determining the rights of the parties according to the law and the evidence. The charge of the court must always be applicable to the facts of the case. King v. Wells, 94 N.C. 344; Burton v. Mfg. Co.,132 N.C. 17; Joines v. Johnson, 133 N.C. 487. A like reason underlies the rule that it is not error to refuse an instruction asked to be given to the jury which is not supported by the evidence. Clark's Code (3 Ed.), p. 535. If this instruction referred to (64) the evidence in regard to "safety catches," it was erroneous, as it does not appear that they were generally used as approved appliances in the equipment of elevators. The same may be said of the second of the instructions we have mentioned as having been given to the jury. It is assumed therein that there had been a failure to furnish safe appliances in general use, when there was no evidence to support the assumption as we have already shown. It may be further said of both instructions that by them the jury were told that, if appliances in common use were not provided by the defendant for the elevator, and plaintiff while he was in the performance of his duties was injured thereby, they should answer the first issue "Yes," and that this would be continuing negligence; which would exclude plaintiff's negligence, if any, from the consideration of the jury. This confined the jury to the consideration of the defendant's negligence in only one respect, whereas there was evidence that the plaintiff had deliberately violated instructions to use the stairway, in performing his work, and not the elevator. If at the time he was injured the plaintiff was doing what he had been forbidden to do, and using the elevator contrary to orders, when he should have used the stairway, his employer is not liable for the consequent injury to him, as decided by this Court in Whitson v. Wrenn, 134 N.C. 86. When he chose to disregard the instructions he had received and do the work in his own way, the resultant injury to himself will be referred to his own negligence or wilful disobedience, as its proximate cause, and not to any fault of his employer. The master owes the servant no duty with respect to the condition of machinery or an implement which the servant has been positively forbidden to use. This is a just and reasonable principle, and if any other rule prevailed, the master could never know at any time the nature and extent of his liability. Under the charge of the court as to continuing negligence, this defense was entirely excluded from the consideration of the jury. It is true, there was (65) evidence tending to show that the orders of the defendant to its employees not to use the elevator had been continually and habitually violated by them. This required the court to present to the jury by *Page 48 
proper instructions the effect this evidence would have upon the orders of the defendant to its employees, but it did not deprive the defendant altogether of the right to have its version of the facts submitted to the jury with directions as to the law applicable thereto, so that the case could be decided under the law according as the jury might find the truth to be. When the court by the second instruction made the question of the defendant's negligence turn wholly upon the defectiveness of the elevator, it rendered useless any attempt of the defendant to show that the plaintiff was injured, not by its negligence, but solely by reason of his disobedience of orders. It therefore practically eliminated all evidence bearing upon that question from the case. Andy yet it must be conceded that if the plaintiff had been forbidden to use the elevator, and he and the other employees had not habitually disregarded the order, the defendant owed him no duty in regard to it, as it was not a machine, implement, or apparatus which had been furnished to him for the performance of his work, but, on the contrary, something which he had been told not to use. It follows that if the jury had taken the defendant's view of the evidence and found that plaintiff was at the time of his injury acting in disobedience of orders, no negligence could be imputed to the defendant, even if the elevator was defective, as defendant omitted no duty to the plaintiff in respect to its condition, as we have said, and the plaintiff's own act in disobeying instructions would in law be regarded as the proximate and, indeed, the only cause of his injury. The defendant was entitled to have this view of the case submitted to the jury, but the charge of the court excluded it.
There was much discussion by counsel of the doctrine of res ipsa loquitur and its relevancy to the facts of this case. "The (66) thing speaks for itself" is a principle applied by the law where under the circumstances shown the accident presumably would not have occurred in the use of a machine if due care had been exercised, or, in the case of an elevator, when in its normal operation after due inspection. The doctrine does not dispense with the requirement that the party who alleges negligence must prove the fact, but relates only to the mode of proving it. The fact of the accident furnishes merely some evidence to go to the jury, which requires the defendant "to go forward with his proof." The rule of res ipsa loquitur does not relieve the plaintiff of the burden of showing negligence, nor does it raise any presumption in his favor. Whether the defendant introduces evidence or not, the plaintiff in this case will not be entitled to a verdict unless he satisfies the jury by the preponderance of the evidence that his injuries were caused by a defect in the elevator attributable to the defendant's negligence. The law attaches no special weight, as proof, to the fact of an accident, but simply holds it to be sufficient for the *Page 49 
consideration of the jury, even in the absence of any additional evidence.Womble v. Grocery Co., 135 N.C. 474; 2 Labatt on Master and Servant, sec. 834; 4 Wigmore on Evidence, sec. 2509. In all other respects the parties stand before the jury just as if there was no such rule. The judge should carefully instruct the jury as to the application of the principle, so that they will not give to the fact of the accident any greater artificial weight than the law imparts to it. Wigmore, in the section just cited, says the following considerations ought to limit the doctrine of res ipsa loquitur: (1) The apparatus must be such that in the ordinary instances no injurious operation is to be expected, unless from a careless construction, inspection, or user; (2) both inspection and user must have been, at the time of the injury, in the control of the party charged; (3) the injurious occurrence must have happened irrespective of any voluntary action at the time by the party injured. He says further that the doctrine is to some extent founded (67) upon the fact that the chief evidence of the true cause of the injury, whether culpable or innocent, is practically accessible to the party charged, and perhaps inaccessible to the party injured. What are the general limits of the doctrine and what is the true reason for its adoption, we will not now undertake to decide. It is established in the law as a rule for our guidance and must be enforced whenever applicable, and to the extent that it is applicable to the facts of the particular case.
If the jury find that the fall of the elevator was caused by the plaintiff's careless handling of the brake-rope, the rule, of course, would cease to operate, nothing else appearing, as that finding would exclude the idea of any defect in the elevator, and the plaintiff could not recover unless the jury should also find that the elevator was not supplied with approved appliances in general use, and that the defendant's failure so to supply it was the proximate cause of the injury to the plaintiff.
The proof in this case does not disclose any distinct act of negligence on the part of defendant, nor does it show any specific defect in the elevator, and, in view of this state of the evidence, the jury should be instructed that their verdict must not be founded upon mere conjecture, as to the cause of the accident, but that the proof must fairly tend to show and must satisfy them that negligence, in fact, existed and caused the injury. But the evidence must be submitted to the jury, because the rule ofres ipsa loquitur gives the plaintiff the advantage of a footing in the case or of a basis for recovery, and calls for proof from the defendant, and should the jury find against the latter upon insufficient testimony, its only remedy will be an application to set aside the verdict as being against the weight of the evidence, and the presiding judge will assume the responsibility resting upon him in such a case, as in all *Page 50 
others of a like kind, and grant the relief, if satisfied that (68) a proper showing has been made for the exercise of the power lodged with him, and the ends of justice demand that he should do so.
Our conclusion, then, is that the court erred in its instruction to the jury, and for this there must be another trial.
New trial.
Cited: Lyles v. Carbonating Co., 140 N.C. 27; Ross v. Cotton Mills,ib., 119, 120; S. v. Martin, 141 N.C. 839; Liles v. Lumber Co., 142 N.C. 45;Shaw v. Mfg. Co., 143 N.C. 134; Holland v. R. R., ib., 439;Overcash v. Electric Co., 144 N.C. 578, 581; Furniture Co. v. ExpressCo., ib., 644; Boney v. R. R., 145 N.C. 251; Shaw v. Mfg. Co., 146 N.C. 239;Winslow v. Hardwood Co., 147 N.C. 277; Cox v. R. R., 149 N.C. 119;Crawford v. R. R., 150 N.C. 623; S. v. Quick, ib., 822; Dail v. Taylor,151 N.C. 288; Morrisett v. Cotton Mills, ib., 34; Jones v. Ins. Co.,153 N.C. 391; Turner v. Power Co., 154 N.C. 137; Boney v. R. R.,155 N.C. 112; Houston v. Traction Co., ib., 8; Brock v. Ins. Co.,156 N.C. 117; Patterson v. Nichols, 157 N.C. 405; Fry v. R. R.,159 N.C. 360; Craig v. Stewart, 163 N.C. 533; S. v. Wilkerson,164 N.C. 437; Trust Co. v. Bank, 166 N.C. 117; Ridge v. R. R.,167 N.C. 518; Shaw v. Pub. Service Corp., 168 N.C. 616; Home v. R. R.,170 N.C. 659; Gallup v. Rozier, 172 N.C. 288; Orr v. Rumbough, ib., 759; Easeley v. Easeley, 173 N.C. 531; Smith v. R. R., 174 N.C. 112;Cashwell v. Bottling Works, ib., 326; Nixon v. Oil Mills, ib., 732;Horton v. R. R., 175 N.C. 487; Williams v. Mfg. Co.,177 N.C. 514; Matthis v. Johnson, 180 N.C. 133; Page v. Mfg. Co.,ib., 332, 334, 335; Newton v. Texas Co., ib; 567; Jones v. Bland182 N.C. 75; White v. Hines ib., 285.