LYLES v. CARBONATING CO.

(Filed November 22, 1905).

*Res Ipsa Loquitur—Effect—Prayer for Instruction.*

1. The doctrine of *res ipsa loquitur* does not dispense with the rule that he who alleges negligence must prove it. It is simply a mode of proving negligence and does not change the burden of proof.

2. An exception that the court failed to explain fully to the jury the doctrine of *res ipsa loquitur* cannot be sustained, where the appellant failed to hand up a prayer for instruction to that efiect.

ACTION by Jarvis Lyles, Administrator, against Brannon Carbonating Co., for the alleged negligent killing of the plaintiff's son, Charles Lyles, heard by *Judge C. M. Cooke* and a jury, at the October Term, 1905, of the Superior Court of MECKLENBURG. The following issue was submitted: "Was the death of the plaintiff's intestate caused by the negligence of the defendant as alleged in the complaint?" The jury answered it, "no." From a judgment dismissing the action, the plaintiff appealed.

*Stewart & McRae* for the plaintiff.
*Burwell & Cansler* and *T. C. Guthrie* for the defendant.

BROWN, J. The evidence discloses that the plaintiff's intestate was killed by the explosion of a soda water tank made of copper and lined with block tin, which was being charged with gas at the bottling works of the defendant in Charlotte.

The tank did not belong to the defendant, but had been borrowed by it on the same day, and an hour or so before the explosion, from the Charlotte Drug Co., of which W. M. Wilson was the president, the loan having been made by said Wilson. No negligence is alleged in the complaint as to the manner of charging the tank or in respect to the actions of the servants of the defendant, upon whom devolved the duty of receiving, examining and charging the tank. The negligence alleged in the complaint consisted solely in using a defective tank.

There are several exceptions in the record relating to the admission and rejection of evidence. We have examined them carefully, and think they are without merit. Mr. McRae, the counsel for the plaintiff, in an able argument, rested his main contention upon two alleged errors in the charge of the court:

1. Because His Honor erred in instructing the jury that the burden of proof upon the issue was on the plaintiff.

2. Because His Honor in his charge failed to explain fully to the jury the doctrine of *res ipsa loquitur*.

It has never been decided in this State that where the principle of *res ipsa loquitur* applied, its effect was to shift the burden of proof upon the issue of negligence. In an action for damages for death by wrongful act, the burden is on the plaintiff upon the issues of negligence and damages (the only issues in this case), and if an accident happened out of the ordinary, our court has never said that this circumstance established the plaintiff's case and shifted the burden of proof upon the issue over to the defendant. In those cases where the doctrine is applied, this court regards it as purely evidential, and the inference to be drawn from the fact of the accident is some evidence which the court permits to go to the jury upon the question of negligence, and the plaintiff is not required to prove the actual facts showing the particulars wherein the defendant was negli-

gent, but there is no presumption raised whereby the burden of proof is shifted.

*Res ipsa loquitur* does not dispense with the rule that he who alleges negligence must prove it. It is simply a mode of proving negligence. and does not change the burden of proof. Labatt Master & Servant, section 834; *Womble v. Grocery Co.,* 135 N. C., 481; *Stewart v. Carpet Co.,* 138 N. C., 67. In the latter case *Mr. Justice Walker* says: "The law attaches no special weight as proof to the fact of an accident, but holds it to be sufficient for the consideration of a jury, even in the absence of any additional evidence."

We think the jury had before them all the circumstances connected with the accident, and doubtless gave them such weight as they thought proper, and they seem to have drawn from the fact of an accident no inference of negligence.

As to the other contention of the plaintiff, we think it cannot be sustained. The doctrine that "the thing speaks for itself," relates solely to the evidence which may go to the jury as some proof of an alleged fact. It was therefore the plaintiff's duty, if he desired the court to charge upon this phase of the evidence more particularly, to hand up a prayer for instructions to that effect. This the plaintiff failed to do. He cannot now be heard to complain for the alleged omission of His Honor to charge upon that particular feature of the evidence, which the plaintiff himself did not regard of sufficient importance to call attention to by appropriate prayers for instruction.

The charge of the able and careful judge who presided in the court below has been closely examined. It appears to us to fully cover the controversy and to be a very clear and correct summing up of the contentions of the parties and the law applicable to the case. We find no error in it. The judgment is

Affirmed.