ISLEY v. BRIDGE CO.

(Filed April 24, 1906).

*Accidents—Res Ipsa Loquitur—Instructions—Negligence— Question for Court—Master and Servant.*

1. No presumption of negligence arises simply because an accident has occurred. In some cases the fact of an accident is permitted to go to the jury as some evidence to be considered by them, and given whatever effect in their opinion is warranted.

2. Where the doctrine of *res ipsa loquitur* applies, it is simply a matter of evidence, and in order that a party may avail himself of it, he must in due time hand up an appropriate prayer for instruction.

3. Where the evidence in any view showed that the injury to the plaintiff was directly caused by the breaking of a chain, the defendant's failure to exercise ordinary care in having the chain properly annealed at proper times for the purpose of preserving its fibre and toughness would in law constitute negligence, and there being no evidence of contributory negligence, the defendant would be liable, and the court erred in leaving the question to the jury to determine on the given state of facts whether there was negligence or not.

ISLEY *v.* BRIDGE CO.

4. Where the facts are undisputed and only one inference can be
   drawn from them, negligence is a question of law to be deter-
   mined by the court.

ACTION by Warren W. Isley, by his next friend, against
Virginia Bridge and Iron Co., heard by *Judge G. W. Ward*
and a jury, at the September Term, 1905, of the Superior
Court of ALAMANCE.

Action to recover damages for personal injury received
by the plaintiff while in the employ of the defendant. The
court submitted the following issues:

1. Was the plaintiff injured by the negligence of the de-
fendant as alleged? Ans. No.

2. What damage has the plaintiff sustained thereby?
From the judgment rendered, plaintiff appealed.

*W. H. Carroll* and *J. T. Morehead* for the plaintiff.
*Brooks & Thomson* for the defendant.

BROWN, J. The uncontradicted evidence shows that the
plaintiff was injured while working in the defendant's mills
assisting the foreman in moving a heavy piece of iron,
weighing about twelve hundred pounds. The piece of iron
was suspended by chains from an overhead trolley, by which
it could be moved. One of the chains broke and a piece of
it fell on the plaintiff's leg and broke it. The chain broke in
the middle suddenly and gave way all at once.

1. Counsel for the plaintiff in beginning his address to
the jury insisted that the doctrine of *res ipsa loquitur* ap-
plied. His Honor ruled that it did not. This rule is some-
times applied in cases where the circumstances are such that
"the thing speaks for itself." No inference of negligence is
to be drawn from the fact of an accident, and there is no pre-
sumption of negligence arising simply because an accident
has occurred. In some cases the fact of an accident is per-
mitted to go to the jury as some evidence to be weighed and

considered by them and given whatever effect in their opinion is warranted. We have held that this is simply a matter of evidence in cases where the rule applies and in order that a party might avail himself of it, he must in due time hand up an appropriate prayer for instruction. *Lyles v. Carbonating Co.,* 140 N. C., 25. This was not done in this case and, therefore, the plaintiff's exception is of no avail.

2. His Honor instructed the jury as follows: "It is the law in this State that where on the facts admitted or established, the question of the existence or absence of actionable negligence is clear so that there can be no two opinions among fair-minded men in regard to it, then the court must say whether or not negligence exists. But where two men of fair minds could come to different conclusions on the question, then the law directs that the jury shall find the facts and determine on· the facts and circumstances when so found, whether or not there has been negligence on the part of the defendant; so, then, if you find that defendant had used the chain in question for two years, or thereabouts, and ought to have had knowledge of the properties of iron and the effect of strains and pulls on chains when used in places of like kind as that in question, and that when so used, chains are liable to become defective and that it would be necessary to toughen or repair a chain or replace it with another when it has been used a considerable length of time, then the court leaves it to you to say whether or not it would be negligence to go on using the chain without repairs or replacing the same." The court here explained negligence to the jury. To this charge plaintiff excepted. The court further charged: "If you find by the greater weight of evidence that the plaintiff was injured by the falling of the cord or cross-bar by reason of the chain breaking, and you further find that the chain which was broken had been used by the defendant for a considerable length of time, say two years, and had been used in carrying heavy weights from one end

of the building to the other, and that said chain was defective
and unsafe, and that by long use and strain and pulls by
heavy weights it had lost its toughness and elasticity, and
you further find that the defendant knew or ought to or
could have known it by the exercise of reasonable care and
prudence that it was defective, and that it was liable by long
use to lose its durability and toughness and to become im-
paired and defective, and you find that it could have been
annealed and thereby reinstated, and that the defendant
continued to use it without its being repaired and that in
so doing the defendant was negligent in that it failed to
exercise that reasonable care and prudence that would ordi-
narily be used by prudent persons under like circumstances
and conditions, and you find further that such negligence
was the proximate cause of the injury complained of, then
the court charges you to answer the issue 'yes.' " To this
charge, plaintiff excepted.

It is the settled law in this State that where the facts are
undisputed and only one inference can be drawn from them,
negligence is a question of law to be determined by the court.
In his charge to the jury, His Honor recited a given state-
ment of facts from which no other inference can be drawn
than that, if they are true, the plaintiff's injury was caused
by the negligence of the defendant. This statement of facts
which His Honor put to the jury is supported by evidence,
and, if the jury find these facts to be true, His Honor should
have instructed the jury to answer the first issue "yes." His
Honor erred in leaving the question to be decided by the
jury as to whether there was negligence or not, even if they
should find that state of facts to be true. There is no evi-
dence or issue as to contributory negligence, and the whole
evidence, in any possible view of it, shows that the injury to
the plaintiff was directly caused by the breaking of the chain,
and, if the defendant company failed to exercise ordinary
care and diligence in having the chain properly annealed at

proper times for the purpose of preserving its fibre and toughness, then in law that is negligence, and there being no evidence of contributory negligence, the company would be liable for the injury sustained by the plaintiff by-reason of the breaking of the chain.

New Trial.