[No. 8279.]

UNION PACIFIC RAILROAD COMPANY V. GILL.

1. CONTINUANCE—*Affidavit For*. Action for a personal injury. Application for a continuance to enable defendant to procure certain documents which, as ''defendant is informed and believes contain evidence material to defendant's defense.'' *Held* no statement of any fact intended to be proven, but a mere conclusion that whatever the evidence might be, it was

material.  An affidavit of one of defendant's attorneys stated that after the accident which was alleged to have occasioned the injury complained of, plaintiff had applied for reinstatement as a policy holder in a non-resident insurance company, and had stated in such application that he "had suffered no injury which would disqualify him" from reinstatement, and that defendant had afterwards "stated in substance" that the accident complained of in the action against defendant "was of little or no consequence." *Held* that the affidavit of the attorney stated no fact, nor anything tending to bar the action or mitigate the damages. (419, 420.)

2. —— *Diligence.*  The defendant had taken out a subpoena *duces tecum* to the local agent of the insurance company commanding him to produce all documents relating to plaintiff's application for reinstatement.  It appearing that all these documents had been transmitted to the home office of the insurance company in another state, the court said that if the defendant did not know this, at the time, it might have ascertained the fact from the agent; that the issuance of the subpoena was a useless and ineffective act; that if the defendant had proceeded immediately to take the deposition of the officers of the company, in the foreign state, a better exhibit of diligence would have been made.

*Held* there was no abuse of discretion in denying the application. (420, 421.)

3.  INSTRUCTIONS—*Erroneous but Not Misleading.*  Action against a passenger carrier for negligence resulting in injury to a passenger.  Plaintiff's proofs made a clear case of inexcusable negligence.  No evidence upon this issue was offered by defendant.  *Held* that, under these circumstances, an erroneous charge was not prejudicial error. (421, 422.)

4.  APPEAL AND ERROR—*Verdict on Conflicting Evidence,* will not be reviewed. (424.)

*Error to Weld District Court.* Hon. NEIL F. GRAHAM, Judge.

Messrs. HUGHES & DORSEY, Mr. E. D. WHITE, Mr. JOHN Q. DIER, and Mr. HENRY W. TOLL, for plaintiff in error.

Mr. ELBERT C. SMITH, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court.

The defendant in error recovered a verdict and judgment against the plaintiff in error, in the District Court of Weld County, in the sum of $2500.00, as damages for injuries sustained while riding as a passenger in defendant's motor passenger car.

Plaintiff below, boarded the car at Brighton, and paid

his fare from that point to Boulder. At a point near Boulder the motor car collided with a freight train, which occasioned the injuries complained of.

There are but two assignments of error worthy of notice:

1. The defendant company contends that the court erred in denying its application for a postponement of the trial.

At the request of defendant, the court entered an order authorizing the ·issue of a subpoena *duces tecum* directed to J. T. Kendall, the General Agent for Colorado, of the Bankers Life Company of Des Moines, Iowa, a foreign insurance corporation, requiring said agent to bring with him and produce at the time of the trial, to be used as evidence, "any and all papers, documents and writings of and concerning the application of W. H. Gill, plaintiff, for reinstatement and insurance in The Bankers Life Company of Des Moines, Iowa."

The subpoena was duly served on Kendall in the City of Denver, on December 10th, 1913. Kendall at once wired his company, the fact of the service of the subpoena. The company wired Kendall on December 12, as follows:

"You can answer in court that you have no papers, that they were all sent here, and show them the company's wire. We hold all these matters in confidence unless compelled to disclose by taking our deposition. This statement is all that can be required of you."

It was alleged in the affidavit for a continuance, that:

"The said 'papers, documents and writings of and concerning the application of W. H. Gill for reinstatement and insurance in The Bankers Life Company, of Des Moines, Iowa,' the defendant is informed and believes, contain evidence material to the defendant's defense in this cause, and that the defendant has used due diligence in endeavoring to procure the same."

This contains no statement of fact which the plaintiff expected to prove. It is a mere conclusion that whatever the evidence may be, it is material. The application was supported by affidavits of counsel, and it is contended that the affidavit of a Mr. Southard, shows that the papers and documents desired contained evidence material to the defense. The statement in this affidavit is as follows:

"That he is one of the attorneys for the defendant in the above entitled cause; that on or about the 2nd day of December, A. D. 1913, he was informed that plaintiff, W. H. Gill, had been insured in The Bankers Life Company of Des Moines, Iowa; that said policy, for some reason unknown to your affiant, had lapsed, and that thereafter the said plaintiff made application for reinstatement in said insurance company; that said application for reinstatement in said company was made after the alleged accident set forth in said plaintiff's complaint; that in said application for reinstatement said plaintiff, as your affiant is informed and believes, and so states the fact to be, in substance, stated that his physical condition was such that he could and should be reinstated in said company under the rules and regulations thereof, and that he had suffered no injury which would disqualify him, the said plaintiff, from being reinstated in said company; that thereafter and before final action had been taken by said insurance company upon said application for reinstatement, the attention of said W. H. Gill was called to the fact of the pendency of this action, but that said W. H. Gill, while alleging that said accident had occurred, stated in substance that the same was of little or no consequence; that thereafter, as your affiant is informed and believes, the said W. H. Gill was reinstated for insurance in said The Bankers Life Company of Des Moines, Iowa."

The subpoena *duces tecum* was directed to Kendall, the general agent of the company in Denver. It called for any

and all papers, documents and writings concerning Gill's application for reinstatement as a policy holder.

The affidavit alleges that the insurance company is a foreign corporation with its principal offices at Des Moines, Iowa. The showing is that such application and the papers connected with it were at Des Moines and not with Kendall at Denver. If the defendant did not know this at the time, it could have easily ascertained the fact from Kendall, and therefore the issuance of the subpoena to Kendall was useless and ineffective. If the defendant had proceeded immediately to take the deposition of the officers at Des Moines, there might have been a better exhibition of diligence.

The affidavit states that Southard is informed and believes, that the application stated that the physical condition of Gill was such that he could and should be reinstated under the rules and regulations of the company, and that he had suffered no injury which would disqualify him from being reinstated. This does not set forth any fact material to the issues in the case which the defendant expected to prove, If the conclusion stated be conceded to be true, it would in no sense tend to bar a recovery or to mitigate the damages. Its only possible effect could be as to the credibility of Gill as a witness.

There was no abuse of discretion upon the part of the trial judge in denying the application for a continuance.

2.  Objection is urged to instruction Number 4, as follows:

"In this case the burden of proof is upon the plaintiff to establish by a preponderance of the evidence the allegations of the complaint; that is to say, it is incumbent upon the plaintiff to establish the fact that he was a passenger for pay upon the motor car of the defendant and was injured by reason of the motor car in which he was a passenger, colliding with a freight train of the defendant company; and when the plaintiff has shown these facts by a preponderance of

the evidence that is sufficient to establish the presumption of negligence on the part of the defendant. Then the burden of proof shifts and it is incumbent upon the defendant to establish by a preponderance of the evidence the fact that it was without negligence."

The last sentence of this instruction in the abstract is not an accurate statement of the law, but it does not constitute prejudicial error under the facts of this case, whatever may be said of it as applied to different circumstances.

The defendant introduced no testimony upon the question of negligence, and so far as the testimony is concerned, the negligence of the defendant appears without dispute. Still further, the negligence stands without attempted excuse or explanation.

The authorities cited by plaintiff in error are conclusive against its contention of prejudice here. Among these are the following:

"In the case of a passenger the fact of an accident carries with it a presumption of negligence on the part of the carrier, a presumption which in the absence of some explanation or proof to the contrary, is sufficient to sustain a verdict against him." *Patton v. Texas & Pacific Ry. Co.,* 179 U. S. 658, 45 L. Ed. 361; 21 Sup. Ct. 275.

"It is sometimes said that the mere happening of an accident in this class of cases raises a presumption of negligence, but this is hardly accurate. Negligence is never presumed. If it were, it would be the duty of the court, in the absence of exculpatory evidence by the defendant, to direct a verdict for the plaintiff, whereas in these cases the question is for the jury. The accurate statement of the law is not that negligence is presumed, but that the circumstances amount to evidence from which it may be inferred by the jury." *East End Oil Co. v. Penn. Torpedo Co.,* 190 Pa. St. 350, 42 Atl. 707.

"The doctrine does not dispense with the requirement

that the party who alleges negligence must prove the fact, but relates only to the mode of proving it. The fact of the accident furnishes merely some evidence to go to the jury, which requires the defendant 'to go forward with his proof.'" *Stewart v. Van Deventer Carpet Co.*, 138 N. C. 60, 50 S. E. 562.

The freight train was on the same track with the motor car, and there is not sufficient in the record even to disclose clearly whether the train was standing still, moving forward, or backward.

The only testimony upon the question of negligence was that of the conductor and motorman in charge of the car at the time of the injury, and who were still in the employ of the company at the time of the trial. The conductor testified as follows:

"I work for the Union Pacific Railroad Company as a conductor and was so employed on February 11th, 1913. On this day I was conductor in charge of a motor car running between Brighton and Boulder, and we left Brighton that morning at eight forty. Gill was on the motor car that morning and paid a fare from Brighton to Boulder. * * * We had a head-on collision, west of Valmont, with a freight train. Conductor Mitchell was in charge of the freight train, and he was working for the same company I was. I don't know whether or not Mitchell ever run a passenger train as I had never seen him when he was so employed. * * *

Q. Well, when this collision occurred, that was on the main track, was it? A. Yes, sir. We were on the main line and the next station was Boulder Junction, and the one following that was Boulder, which was about four miles or near that. The last time I saw Mr. Gill before the accident he was in the second seat in the ladies part of the coach, or car rather, on the left hand side. He was sitting alone, but I don't recall just where we were, but it was somewhere

around Liggett, or between Liggett and Valmont. Liggett is about five miles from Valmont.

The motorman testified as follows:

"I live in Boulder, and I am a motorman for the Union Pacific Railroad Company, and was so employed February 11th, 1913, running the motor car from Brighton to Boulder. There was a collision that morning just west of Valmont, and I was in the engine room of the motor car at the time, running the engine. We were running on our own time, and the collision occurred about three hundred feet west of the switch on the Union Pacific right of way. I did not make any effort to stop before the accident, as I was busy doing something else and did not see them. We were running on our own time and just after the accident I noticed a locomotive in front of us. Conductor Mitchell had charge of that train, which was a Union Pacific train, and Mitchell was working for the Union Pacific. It was a freight train, and after the accident I saw Mr. Gill, whom I had seen before and knew by his name. I was not well acquainted with him, but remember seeing him in the motor car that morning after the accident."

It would be difficult to conceive a clearer case of negligence than is thus disclosed by this undisputed testimony. Under this state of facts it is idle to discuss the instruction complained of as being in any sense prejudicial to the defendant

The only question of merit in the case, and the only one concerning which there was any real dispute in the testimony, was as to the extent of an injury to plaintiff's eye, and the resulting effects.

This testimony appears to be voluminous, highly technical, given by experts upon this question, and as is usual in such cases, very conflicting and unsatisfactory. This was for the jury, and we see no reason why the finding of that body should be disturbed.

There are sixty-one assignments of error, which we have considered but which we do not deem of sufficient importance to justify discussion in this case.

The judgment is affirmed.

GABBERT, C. J. and GARRIGUES, J., concurring.

Decided November 1, A. D. 1915. Rehearing denied January 3, A. D. 1916.