# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## TIDEWATER STEVEDORE COMPANY, INC., ET AL, V. LINDSAY.

### March 15, 1923.

1. SHIPS AND SHIPPING—*Loss of Barge—Action by Lessor for Negligence of Lessee.*—In the instant case, an action by lessor of a barge against the lessee for damages to the barge, the foundation of plaintiff's claim for damages was the negligence of the defendants, and unless plaintiff could show such negligence she was not entitled to recover any damages.

2. NEGLIGENCE—*Pleading and Proof.*—Negligence, as a cause of action, must be pleaded and proved.

3. NEGLIGENCE—*Pleading and Proof—Loss of Barge—Case at Bar.*—In the instant case, an action by lessor of a barge against the lessee for damages to the barge, the notice of the motion claimed $5,000 "damages done to the said barge in the month of February, 1920, due to your negligence in the management and handling of the said barge."

   *Held:* That the negligence of defendant was sufficiently alleged, but that it was also necessary for the plaintiff to prove this negligence to entitle her to recover.

4. SHIPS AND SHIPPING—*Negligence—Action by Lessor of Barge Against Lessee—Burden of Proof—Instructions.*—In the instant case, an action by lessor of a barge against the lessee for negligent damage to the barge, the burden was on the plaintiff to prove the negligence of defendants, and it was the duty of the court to so instruct the jury, upon request.

5. SHIPS AND SHIPPING—*Action by Lessor of Barge Against Lessee—Burden of Proof as to Negligence—Instructions—Case at Bar.*—In the instant case the charge preferred by the plaintiff in her notice of motion was that the defendants had been negligent in the management and handling of a barge, leased defendants by plaintiff, and the burden was upon plaintiff to prove this charge; hence it was error to instruct the jury that "the burden of proof is on the defense to show that they were not negligent in the use of the barge."

6. NEGLIGENCE—*Burden of Proof—Shifting of Burden of Proof.*—Where the plaintiff's cause of action grows out of the alleged negligence of the defendant, the burden is on the plaintiff throughout the case to prove the negligence of the defendant. It never shifts to the defendant.

7. NEGLIGENCE—*Burden of Proof—Shifting of Burden of Proof—Presumption or Inference of Negligence.*—In an action for negligence, it may be that, upon proof of a given state of facts, a presumption or inference of negligence on the part of the defendant may be drawn which will entitle the plaintiff to a verdict, if no further evidence is offered by the defendant, but in such case, in the absence of any evidence for the defendant, the plaintiff has carried the burden of proof imposed upon him. He has not transferred it to the defendant.

8. NEGLIGENCE—*Burden of Proof.*—Where the plaintiff's cause of action grows out of the alleged negligence of the defendant, if, when all the evidence is in, the matter is in equipoise, the plaintiff must fail. The negligence of the defendant must be proved by affirmative and preponderating evidence. There must be more than a probability of negligence. If, upon the whole case, the conduct of the defendant is equally consistent with the existence or nonexistence of negligence on his part, then the plaintiff has failed to make out his case.

9. SHIPS AND SHIPPING—*Negligence—Burden of Proof.*—In the instant case, an action against the lessee by the lessor of a barge, plaintiff relied upon the negligence of defendants in the management and handling of the barge. The defendants denied the negligence and claimed that the damage was due to the unseaworthiness of the barge, and introduced evidence to sustain the defense.

*Held:* That while the delivery of the barge to the defendants in good condition, and its return to the plaintiff in bad condition, created a presumption of negligence on the part of the defendants yet if the aforesaid defense was sustained by the evidence for the defendants, or if it left it doubtful as to which cause the damage was due, plaintiff was not entitled to recover.

10. BAILMENTS—*Action of Bailor Against Bailee for Negligence—Shifting of Burden of Proof—Presumption of Negligence.*—Where a bailor alleges and proves simply the delivery of the property to the bailee and the latter's failure to return it on demand, a *prima facie* case is made out against the bailee; the same is true if it is proved that the property was delivered to the bailee in good condition and was returned damaged in such a way as does not usually occur by the exercise of proper care. In either case negligence will be presumed. But if the bailee proves that the property was stolen or destroyed by fire, or accounts for his failure to return or for the injury in any other way which does not on its face involve negligence or call for further explanation, the bailor must prove negligence. In other words, the bailor at all times has the burden of proof (at least unless the property is injured or destroyed while being used by a different person or for a different purpose than that for which it was delivered to the bailee); but proof of certain facts make out a *prima facie* case rendering the bailee liable in the absence of explanation, and requiring proof on his part to overcome a presumption of negligence.

Error to a judgment of the Circuit Court of the city of Newport News, in a proceeding by motion for a judgment for damages. Judgment for plaintiff. Defendants assign error.

*Reversed.*

The opinion states the case.

*Leon T. Seawell* and *J. L. Morewitz*, for the plaintiffs in error.

*R. M. Lett*, for the defendant in error.

BURKS, J., delivered the opinion of the court.

This was an action brought by Mrs. Emma R. Lindsay, by notice of motion for judgment, claiming six thousand two hundred dollars for damages alleged to have been done to barge No. 4, which was owned by her.

This barge was an open deck barge about twenty-five by ninety-two feet and supposed to carry, according to her owner's statement, about 400 tons. The age of the barge was somewhat uncertain, her owner admitting that she did not know; but that it had been in the family about nine years. However, Bloxom, a witness for the plaintiff below, testified that from appearances the barge was about thirty years old.

About the first of October, 1919, Mr. Bashford, of the firm of Bashford & Dunn, approached Mrs. Lindsay and hired the barge from her for an indefinite period at the rate of $10.00 a day. The barge was to be used by Bashford & Dunn in connection with their stevedoring work at Newport News, Virginia.

This hiring was by a written contract in the following words and figures:

"We the undersigned agree to pay Mrs. M. R. Lind-say for one barge No. 4, 92x26x8½, the amount of $10.00 a day for seven days to the week. Payable the first of the month. We also agree to return to the owner in first class condition. We also agree to hall and copper her two a year. We also agree to return the barge to her in fifteen days notice and we can return in the same time.

"Sign

"Bashford-Dunn

"By F. Bashford."

On October 15th, soon after the receipt of the barge, the Tidewater Stevedore Company was incorporated, with Mr. Dunn as president and treasurer and Mr. Bashford vice-president and secretary. The barge was thereafter used by the corporation as it had been theretofore used by Bashford & Dunn. There was no sub-letting of the barge from Bashford & Dunn to the corporation. It was merely taken along with Bashford & Dunn into the corporation, and was being operated by it at the time of the injury complained of.

Mrs. Lindsay had no knowledge of this arrangement until she received the following letter from the Tidewater Stevedore Company:

"January 9, 1920.

"We beg to hand you herewith our check amounting to eight hundred and fifty dollars ($850.00), same to cover hire of your barge No. 4 from November 3, 1919, to January 1, 1920. We would thank you to change the enclosed bill to read 'Tidewater Stevedore Company, Incorporated,' and not 'Bashford & Dunn.'

"Yours very truly,
"(Signed) N. S. Hendry, Manager."

Thereafter, the communications were between Mrs. Lindsay and the Tidewater Stevedore Company. On the early morning of February 11, 1920, the barge, while being loaded with ballast from the steamship Newton, turned upside down and sank. The cause of the sinking was a subject upon which the parties advanced different theories. The barge, still bottom upwards, was then towed to a pier where it was securely tied up awaiting the time when proper tug boats could be secured for the purpose of righting it.

During the time that the barge was at the pier, thieves went aboard and cut all the lines, carrying the ropes to a junk shop and disposing of them. These lines were recovered by Mr. Bashford from the junk dealer. As a result, however, of the cutting of the lines, the barge drifted on to a sand bar, where she remained for some two or three weeks before she was finally pulled off and righted. She was then taken to the shipyard of Bloxom Brothers, where, however, it was subsequently found that they could not handle her. In June following she was finally towed to Norfolk and turned over to Mrs. Lindsay in a wrecked condition.

A survey was made of the barge and it was ascertained that it would cost $4,800.00 to repair it. Mrs. Lindsay claimed that this damage was occasioned by the negligent handling of the barge and the failure to remove it from the sand bar, and upon refusal to pay this damage Mrs. Lindsay instituted this action claiming $5,000.00 for damages to the barge and $1,200.00 for its rent for four months. There was a verdict and judgment in her favor for $5,200.00 and the defendants assign error.

There were several assignments of error, but, in the view we take of the case, it will be unnecessary for us to notice any of them except the ruling of the trial court on the instructions.

[1-4] The facts of the case have been sufficiently stated to show that the foundation of the plaintiff's claim for damages is the negligence of the defendants, and that unless she can show such negligence she is not entitled to recover such damages.   Negligence, as a cause of action, must be alleged and proved.   In the case at bar, the negligence is sufficiently alleged.   The notice of the motion claims $5,000.00 "damages done to the said barge in the month of February, 1920, due to your negligence in the management and handling of the said barge," but it was also necessary for the plaintiff to prove it to entitle her to recover.   The burden was on the plaintiff to prove the negligence of the defendants, and it was the duty of the court to so instruct the jury, upon request.

At the conclusion of the evidence, a number of instructions were asked by both parties, some of which were given and others refused.   Among other instructions asked by the defendants, were instructions designated as 14, 17, (a) and (b).   These instructions were as follows:

"14. The court instructs the jury that the ground of plaintiff's recovery in this case is negligence of the defendants, and the burden of proving such negligence is on the plaintiff."

"17. The court instructs the jury that when negligence is relied upon as a cause for recovery the burden is on the plaintiff to prove the negligence alleged, and the evidence must show more than a mere probability of negligence; it is not sufficient that the evidence is consistent equally with the existence or non-existence of negligence—there must be affirmative and preponderating proof of the negligence of the defendants, or either of them."

"(a) The court instructs the jury that in order to en-

title the plaintiff to recover from the defendants, or either of them, it must appear by preponderating and affirmative evidence that the negligence of the defendants, or either of them, was the proximate cause of the damages complained of.

"(b) The court instructs the jury that if they find from the evidence that the plaintiff has not established by a preponderance of the evidence that the defendants, or either of them, were guilty of negligence in handling the said barge, then they must find for the defendant on all of the allegations of the notice of motion for judgment."

They were all intended to cover the same subject. The trial court refused 14 and 17, and amended (a) and (b) by adding at the end of each "but the burden of proof is on the defense to show that they were not negligent in the use of the barge," and gave them, as amended, over the objection of the defendants. These were the only instructions given on the subject of the burden of proof.

[5-8] The subject of the burden of proof was one of great importance in the case, and one upon which the jury would naturally attach great weight to the opinion of the court. It was essential, therefore, that the instructions of the court should not have left the jury in any doubt or uncertainty on the subject. The addenda made by the court, however, to instructions (a) and (b) did not merely leave the jury in doubt and uncertainty on the subject, but placed upon the defendants a burden not imposed by the law. The charge preferred by the plaintiff in her notice of motion was that the defendants had been negligent "in the management and handling of the said barge," and the burden was upon her to prove this charge, and hence it was error to instruct the jury that "the burden of proof is on the de-

fense to show that they were not negligent in the use of the barge." Where the plaintiff's cause of action grows out of the alleged negligence of the defendant, the burden is on the plaintiff throughout the case to prove the negligence of the defendant. It never shifts to the defendant. It may be that upon proof of a given state of facts, a presumption or inference of negligence on the part of the defendant may be drawn which will entitle the plaintiff to a verdict if no further evidence is offered by the defendant, but in such case, in the absence of any evidence for the defendant, the plaintiff has carried the burden imposed upon him. He has not transferred it to the defendant. He has proved a case which entitles him to a verdict unless the defendant comes forward with some evidence which either excuses or exculpates him, or else leaves the matter in doubt and uncertainty. If when all the evidence is in, the matter is in equipoise, the plaintiff must fail. The negligence of the defendant must be proved by affirmative and preponderating evidence. There must be more than a probability of negligence. If upon the whole case, the conduct of the defendant is equally consistent with the existence of negligence on his part, then the plaintiff has failed to make out his case. *N. & W. R. Co.* v. *Poole,* 110 Va. 148, 40 S. E. 627; *Ches. & O. R. Co.* v. *Catlett,* 122 Va. 232, 94 S. E. 934.

[9] In the case at bar the plaintiff relied upon the negligence of the defendants in "the management and handling of the barge." The defendants not only denied the negligence, but insisted that the damage sustained was due to the age and unseaworthiness of the barge, and introduced evidence to sustain the defense. While the delivery of the barge to the defendants in good condition and its return to the plaintiff in bad condition created a presumption of negligence on the part

of the defendants (*Stone* v. *Case*, 34 Okl. 5, 124 Pac. 960, 43 L. R. A. (N. S.) 1168 and note), which for the time supplied the place of other evidence of negligence, yet if the defense aforesaid was sustained by the evidence for the defendants, or if it left it doubtful whether the damage was the result of the negligence of the defendants or the unseaworthiness of the vessel, in either event the plaintiff was not entitled to recover because she had not sustained the burden of proof which rested upon her. There was no burden on the defendants to prove that they had not been negligent in the use of the barge. If, upon the whole case, there was doubt upon that subject, the defendants were entitled to a verdict. The instructions of the court, however, were to the contrary.

Where a plaintiff bases his right of recovery on the negligence of the defendant, he must prove it by a preponderance of the evidence, and at no stage of the case can he escape that responsibility. "Unless the evidence as a whole preponderates in favor of the plaintiff on the question of the defendant's negligence, the plaintiff cannot recover. A mere equipoise will not entitle the plaintiff to a verdict." *Hines, Director General,* v. *Beard,* 130 Va. 286, 296, 107 S. E. 717, 720.

In *Kay* v. *Metropolitan St. R. Co.,* 163 N. Y. 447, 57 N. E. 751, which was an action by a passenger against a carrier for a personal injury alleged to have been negligently inflicted by the defendant, it was said: "In the case at bar the plaintiff made out her cause of action *prima facie* by the aid of a legal presumption (referring to *res ipsa loquitur*) but when the proof was all in the burden of proof had not shifted, but was still upon the plaintiff. The charge of the learned trial judge had reference to the case when all the proof on both sides had been given. If the defendant's proof operated to rebut

the presumption upon which the plaintiff relied, or if it left the essential fact of negligence in doubt and uncertainty, the party who made that allegation should suffer and not her adversary.  The jury were bound to put the facts and circumstances proved by the defendant into the scale against the presumption upon which the plaintiff relied, and in determining the weight to be given to the former as against the latter they were bound to apply the rule that the burden of proof was upon the plaintiff.  If, on the whole, the scale did not preponderate in favor of the presumption, and against defendant's proof, the plaintiff had not made out her case, since she had failed to meet and overcome the burden of proof."  To the same effect see *Stewart* v. *Carpet Co.*, 138 N. C. 60, 50 S. E. 562; *Lyles* v. *Brannon Carbonating Co.*, 140 N. C. 25, 52 S. E. 233, and cases cited.

In *James* v. *Orrell*, 68 Ark. 284, 57 S. W. 931, 82 Am. St. Rep. 293, which was an action to recover damages for cotton, some of which had been stolen and some destroyed by fire, it was said:  "There was prejudicial error in the court's instruction to the jury as to the burden of proof.  It told the jury that 'the loss of the cotton being admitted, the burden is upon the defendant to show that such loss was not caused by the negligence of him or his servants; and, unless you find by a preponderance of the evidence that the loss was not caused by such negligence, your verdict will be for the plaintiff.'  This is error for which the judgment must be reversed."

In *Stone* v. *Case, supra,* it was held that, "In an action against a bailee for loss of property, where it is alleged that the loss was occasioned by a fire, and that such fire was caused by the negligence of bailee, it is error to instruct the jury that the burden is upon the defendant to prove that he was not negligent.   In such case the burden is upon the plaintiff to prove a *prima*

*facie* case; and such *prima facie* case must outweigh an affirmative defense, if such defense is interposed, before plaintiff is entitled to recover."

[10] In a note to the case last cited, in 43 L. R. A. (N. S.) at page 1169, it is said: "The general rule, at least in the United States, in those cases which discriminate between the uses of the term 'burden of proof,' and attempt to give it an exact meaning, is that where a bailor alleges and proves simply the delivery of the property to the bailee and the latter's failure to return it on demand, a *prima facie* case is made out against the bailee; the same is true if it is proved that the property was delivered to the bailee in good condition and was returned damaged in such a way as does not usually occur by the exercise of proper care. In either case negligence will be presumed. But if the bailee proves that the property was stolen or destroyed by fire, or accounts for his failure to return or for the injury in any other way which does not on its face involve negligence or call for further explanation, the bailor must prove negligence. In other words, the bailor at all times has the burden of proof (at least unless the property is injured or destroyed while being used by a different person or for a different purpose than that for which it was delivered to the bailee); but proof of certain facts make out a *prima facie* case rendering the bailee liable in the absence of explanation, and requiring proof on his part to overcome a presumption of negligence."

*Kohlsatt* v. *Parkersburg, etc., Co.*, (U. S. Cir. Ct. App. 4th Cir.) 266 Fed. 283, 11 A. L. R. 686, is very similar in its facts to the case at bar. In that case the defendants leased of the plaintiff a derrick boat from August 11, 1917, till December 31, 1917, when it was to be returned to the leasor at Parkersburg, W. Va., "in as good condition as the day received, less the usual

wear and tear." The boat was duly delivered to the lessees, who used the same in their lumber business at Brent, on the Kentucky side of the Ohio river, some ten miles above Cincinnati. Early in December the river was frozen over, and defendants tied the boat to the shore. The cold weather continued with extreme severity for two months or more, except for a few days around Christmas. Twice the boat was forced from its moorings by the moving ice, first for about 150 feet, later for a mile or so, and each time again secured. In February, 1918, when the ice gorge broke up, the boat was carried down the river and became a total loss.

Plaintiff brought this suit to recover the value of the boat and an unpaid balance of the agreed rental. The latter item is not in dispute. Whether defendants are liable for the value of the boat depends upon whether it was lost through any negligence on their part. As this was clearly a question of fact for the jury, the verdict of plaintiff should stand, if the trial court was right in its ruling on the burden of proof. In the course of his instructions to the jury the learned judge repeatedly stated that the burden of proof, on the issue of negligence, was cast upon the defendants. This was held to be error, and in the course of the opinion it was said:

"A bailee for hire is not an insurer of the property placed in his possession, and cannot be held to answer if it be lost or damaged without his fault. He contracts to take ordinary care of the property, and is liable only for loss occasioned by his own negligence. Hence the essential element of a bailor's cause of action, the fact to be established by him, is negligence on the part of the bailee. On that issue the burden of proof rests all the while on the plaintiff, and at no stage of the trial can it be passed over to the defendant. True, it is often said that when the plaintiff proves delivery of the property

to the defendant, and that it has not been returned as agreed, the burden of proof shifts to the other side. These facts may make a *prima facie* case, or, as the court below puts it, give rise to a presumption of negligence; but, whatever the form of expression, the meaning is always the same, namely, that it then becomes the defendant's duty to go forward with the evidence and explain how the damage occurred. And this is entirely reasonable, for presumably the facts in that regard are within his knowledge. But when this has been done, and especially if it be shown that the loss resulted from a cause consistent with due care on his part, the duty of going forward has been met and the *prima facie* case overcome; and for the reason that the right of recovery in such case depends upon whether or not the defendant was negligent, and on that issue, as already said, the burden throughout is on the plaintiff. And this has long been the settled rule of law."

For the error of the trial court in its amendment of instructions (a) and (b) its judgment must be reversed.

*Reversed.*