CELESTIA S. SMITH v. DR. JOHN W. FOUST AND THE NALLE CLINIC COMPANY, A CORPORATION

No. 7026SC250

(Filed 5 August 1970)

1. **Negligence § 31; Physicians and Surgeons § 16— malpractice action — res ipsa loquitur — instructions**

    Failure of the trial court in a malpractice action to instruct the jury on the doctrine of *res ipsa loquitur* was not erroneous where plaintiff made no request for such instruction.

2. **Trial § 51— setting aside verdict in discretion of court — review**

    Motion to set the verdict aside as being contrary to the greater weight of the evidence is addressed to the discretion of the trial court, whose refusal to grant the motion is not appealable in the absence of manifest abuse of discretion.

APPEAL by plaintiff from *Anglin, J.,* 1 December 1969 Schedule "B" Civil Session, MECKLENBURG Superior Court.

Plaintiff appeals from a jury verdict that defendants were not negligent in her malpractice action against defendant Foust, who performed a tonsillectomy upon her, and his then employer, the Nalle Clinic Company.

*Bailey & Davis by Gary A. Davis for plaintiff appellant.*

*Carpenter, Golding, Crews & Meekins by John G. Golding and James R. Carpenter for defendant appellees.*

Smith v. Foust

BRITT, J.

[1]  Plaintiff first assigns as error the failure of the trial judge to instruct the jury with reference to the application of the doctrine of *res ipsa loquitur*.

The record reveals that plaintiff did not request instructions on this point. It discloses that after the trial judge completed his charge and held a brief conference with all attorneys appearing in the case he ordered that the record show that no request for further instructions was made by counsel for plaintiff or counsel for defendants. In *Lyles v. Carbonating Co.*, 140 N.C. 25, 52 S.E. 233 (1905), our Supreme Court held, as stated in the second headnote of the opinion: "An exception that the court failed to explain fully to the jury the doctrine of *res ipsa loquitur* cannot be sustained, where the appellant failed to hand up a prayer for instruction to that effect." This ruling was followed in *Isley v. Bridge Co.*, 141 N.C. 220, 53 S.E. 841 (1906). The assignment of error is overruled. We do not hold, or even imply, that the instruction plaintiff now contends for should have been given if requested; we hold only that in view of the cited cases, in the absence of request, plaintiff was not entitled to the instructions.

[2]  Plaintiff's other assignment of error is to the failure of the trial judge to grant plaintiff's motion to set the verdict aside as being contrary to the greater weight of the evidence. Plaintiff concedes that it is well settled in this jurisdiction that such motion is addressed to the discretion of the trial court and its refusal to grant the motion is not appealable in the absence of manifest abuse of discretion. 7 Strong, N.C. Index 2d, Trial, § 51, p. 369. We hold that no abuse of discretion is shown in this case, therefore, the assignment of error is overruled.

Although plaintiff sustained an unfortunate injury, determination of the question of negligence was for the jury and in a trial free from prejudicial error it resolved the issue against her.

No error.

CAMPBELL and VAUGHN, JJ., concur.