GROVER D. MODLIN v. T. L. SIMMONS AND L. D. HARPER, TRADING AS THE CHANDLER SALES COMPANY.

(Filed 22 February, 1922.)

1. **Negligence—Evidence—Res Ipsa Loquitur—Prima Facie Case—Automobiles—Repairing—Gasoline.**

　　Where the servant of a repairer of an automobile for the owner undertakes in the course of his employment to clean the car with gasoline in an open container, while the batteries were exposed and likely to be started in operation and emit electrical sparks that would explode the gasoline or its vapors and wreck the car, and an explosion consequently results, in the owner's action for damages against the proprietor of the garage the circumstances make out a *prima facie* case of negligence.

2. **Negligence—Evidence—Res Ipsa Loquitur—Burden of Proof.**

　　Where a *prima facie* case of negligence, under the doctrine of *res ipsa loquitur*, has been established in an action to recover damages, the burden of proof remains on the plaintiff throughout the trial, the question for the jury to determine being whether thereunder upon the whole evidence the plaintiff has established the negligence alleged as a fact, the *prima facie* case otherwise being sufficient to sustain an affirmative finding.

APPEAL by defendants from *Allen, J.,* at the December Term, 1921, of EDGECOMBE.

This suit was brought to recover damages for the burning of an automobile, which plaintiff had left with the defendant to be repaired and cleaned, upon the allegations of negligence as alleged in the complaint. After the evidence was all in, the arguments finished, and the charge to the jury half delivered, plaintiff was given permission to amend his complaint so as to allege that the automobile was placed in charge of an inexperienced and incompetent laborer, whose negligence, from his incompetency, caused the injury.

Defendant contends that there was no evidence to support such allegation. The judge's right to permit the amendment is not being questioned.

*Thorne & Thorne for plaintiff.*
*F. S. Spruill for defendant.*

WALKER, J.   There are really but two questions in this case: first, as to whether there is any evidence that the defendant, "The Chandler Sales Company," assigned an inexperienced and incompetent man to do the work of repairing and cleaning the car of plaintiff, and whether by reason thereof and of the negligence of the defendant's servant it caught fire from a spark which came in contact with the highly inflammable gasoline with which the cleaning was being done, and the car was burned so that it became useless and practically of no value to the plaintiff. The particular act of negligence alleged on the part of defendant and its repairer and cleaner, who was doing the work for it, being that the latter got a bucket about two-thirds full of gasoline for the purpose of cleaning the car, and set it down near the car, which was allowed to remain fully wired, and ready for the transmission of electricity.   After stating that the car had been left with the defendant to be repaired and cleaned, the plaintiff thus alleges the different negligent acts:   In order to have the work done, the defendant negligently, carelessly, and without the exercise of ordinary care, put to do the work, which, among other things, was to wash and clean the base of the motor of the automobile, an ignorant and inexperienced servant, who proceeded or undertook to wash the base of the motor of the automobile and its other parts with gasoline. · The gasoline being contained in an open tin quart container. The base of the motor was left in its place in the frame of the car at the time of undertaking to do such work, and all the wiring from the generator to the batteries, and the wiring and connections from the batteries to the lights ·of the car were left fully connected with each other and with the magneto so that at a very slight turn of the shaft of the automobile, or contact made with the generator by metal or other conductor, it would spark all of the said apparatus and wires, being fully charged with and ready for the transmission of electricity so that to use gasoline at such time and manner would almost necessarily result in an explosion.   And further, the said agent and servant, at the same time, and notwithstanding the visible and obvious danger and risk of doing so, undertook and did in part wash and clean the said parts with gasoline, pouring the gasoline on such parts from the open tin quart container, the crank case of the automobile being placed under the motor in the form of an open, exposed basin for the purpose of catching the overflow of gasoline.   In consequence of the negligence and carelessness of the defendants in doing, or undertaking to do, the business of washing and cleaning the base of the motor of the automobile in the way and

manner herein stated at a time when the electric wiring of said auto-
mobile was connected with the generator, batteries, and lights, and the
ignorance and incompetence of the workman who was left in charge of
the business, as aforesaid, in some way or manner, the crank shaft was
turned, or by contact with the tin quart container or some other metal
or conductor with which he was doing the work, electric sparks were
thrown off, as might easily have been foreseen and known by the defend-
ants, the gasoline was ignited by the electric spark, or current, and the
plaintiff's car was thereby set on fire and totally destroyed, to the plain-
tiff's great damage.

There was evidence, as shown by the record, to sustain the allegation
of negligence. The manner in which the work was done and the use of
a large quantity of gasoline in and so near to the car, while it was being
cleaned, where it was likely to be ignited from the wiring which was not
disconnected during the performance of the work, clearly showed negli-
gence. It was a dangerous undertaking at best, because the gasoline,
and its vapors, especially, were highly inflammable, but it was a thing
which could be done safely with the exercise of commensurate care, that
is, ordinary prudence, and where this is true, the failure to exercise the
proper care is ordinarily presumed (*Aycock v. R. R.,* 89 N. C., 321), in
the sense, that it makes out a *prima facie* case of negligence, which
means only that it carries the case to the jury, though the burden of
showing negligence, or of establishing the issue in his favor, remains
throughout the case with the plaintiff. *Cox v. R. R.,* 149 N. C., 117;
*Page v. Mfg. Co.,* 180 N. C., 335; *Stewart v. Carpet Co.,* 138 N. C., 60;
*Womble v. Grocery Co.,* 135 N. C., 474, and especially the recent case
of *Sweeney v. Erving,* 228 U. S., 233, where the Court cites and approves
the rule as stated by this Court in *Stewart v. Carpet Co., supra,* and
says, with reference thereto, that *res ipsa loquitur* means that the facts
of the occurrence warrant the inference of negligence, not that they
compel such an inference; that they furnish circumstantial evidence of
negligence where direct evidence of it may be lacking; but it is evidence
to be weighed, not necessarily to be accepted as sufficient; that they call
for explanation or rebuttal, not necessarily that they require it; that
they may make a case to be decided by the jury; not that they forestall
the verdict. *Res ipsa loquitur,* where it applies, does not convert the
defendant's general issue into an affirmative defense. When all the
evidence is in, the question for the jury is whether the preponderance
is with the plaintiff. Such, we think, is the view generally taken of
the matter in well considered judicial opinions. These views are sus-
tained by the recent case of *White v. Hines,* 182 N. C., 275, where the
question was fully and learnedly examined with a copious citation of

the authorities by *Justice Adams,* and the true rule clearly and finally formulated in accordance with what precedes. Under the rule we have above stated, and the authorities we have arrayed in support of it, we are of the opinion that there was some evidence of negligence in this case fit for the consideration of the jury, and that the very circumstances of the case and the manner and consequences of doing the work, as it was done, furnish some evidence that it was negligently performed.

The learned and just judge who presided at the trial did not mean by his instruction to the jury, to which a general exception was taken by the defendant, that it was for them to decide whether there was any evidence of negligence, and thereby submit a question of law to them. Such a construction of his words would be too narrow, and the entire charge shows clearly that he intended to refer to them the question only as to whether the evidence satisfied them that in fact there was negligence.

The learned counsel for defendant properly abandoned his second exception in deference to our decision in *Beck v. Wilkins,* 179 N. C., 231, which covers the main features of this case.

No error.