## Ohio National Life Insurance Company v. Craddock's Administrator.

(Decided November 18, 1927.)

### Appeal from Fulton Circuit Court.

1. Insurance.—In action on life insurance policy defended on ground that policy had lapsed because of nonpayment of November premium, evidence that in month of January, and subsequently, insurer had sent notice warning insured of lapse of policy in case of nonpayment of February premium held admissible as tending to establish payment of November premium.

2.    Insurance.—In action on life insurance policy in which defense was
      lapse for nonpayment of premium, evidence on question of pay-
      ment held to make issue for jury.

HERSCHEL T. SMITH for appellant.

HESTER & STAHR for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellee brought this suit against the appellant to recover on a policy of insurance issued by it on the life of the appellee's decedent and payable to the estate of that decedent. From a judgment in appellee's behalf, the appellant appeals.

The policy in question was issued on the 14th day of August, 1924, and the first year's premium was then paid in full. On the 14th day of August, 1925, the insured elected, as he had a right to do, to pay his next year's premium in quarterly installments, and he paid the installment then due. The next installment fell due on November 14, 1925, and the sole question in this case is whether that installment was paid or not. If it was, the policy was in full force and effect when the appellee's decedent died. If not, the policy had lapsed. On this issue the appellant insists that the verdict is flagrantly against the evidence. For the appellee two witnesses testified that the decedent about the middle of November, 1925, procured $10 from his sister for the purpose of paying the premium of $9.94 then due, and that they saw him take this money across the street and hand it to the agent of the appellant. The latter denies any such transaction.

Appellee also proved, over appellant's objection, that in January his decedent, who was then living, was sent a notice from the home office of the appellant that the February premium would soon be due, which would not have been the case had the November premium not been paid, and further that after the due date of the February premium this same office sent out a warning notice calling attention of appellee's decedent to the fact that the February premium had not been paid, and that the policy would soon lapse. Appellant first contends that these notices were not admissible in evidence, but plainly they were. In the usual course of events, such notices would not have been sent out if the November premium had not been paid. The fact that they were

sent out therefore tended to establish that the November premium had been paid.

Appellant undertook to explain these notices away by showing that they were sent out by mistake, but the jury had a right, in view of the appellee's testimony in this case about the payment in November, to disregard such explanation. Appellant also showed that some time in the latter part of February or early part of March the appellee undertook to pay a premium for his decedent, who was then still alive, but very ill. It is not shown, however, whether it was the February premium which, it is conceded, has never been paid or the November premium which appellee was trying to pay. It might very well have been the February premium, as appellee's decedent was then very ill and the time was rapidly approaching when the policy would lapse for nonpayment of the February premium, and the appellee's offer of payment might well have been to prevent the policy lapsing for nonpayment of the February premium. From this resume of the evidence it is apparent that this was a case for the jury, and that its verdict finding for the appellee is not flagrantly against the evidence.

Judgment affirmed.