MARIAN MITCHELL v. JOHN T. SAUNDERS, JULIAN A. MOORE and BILTMORE HOSPITAL.

(Filed 26 February, 1941.)

**1. Physicians and Surgeons § 15a—**

Where one surgeon assists another in performing an operation and both assist in placing gauze sponges in the wound, both are charged with the duty of exercising due care to remove all the gauze sponges.

**2. Appeal and Error § 40e: Trial § 22b—**

Upon appeal from the denial of a motion for judgment as of nonsuit, the Supreme Court cannot consider the evidence of defendant, whether contradicted or uncontradicted, except in so far as it may tend to support

plaintiff's case, and the reviewing court is not concerned with the credibility of the evidence but will determine only whether there is any evidence sufficient to support plaintiff's cause of action.

3. **Physicians and Surgeons § 15e—Applicability of doctrine of res ipsa loquitur to malpractice cases.**

Since a physician or surgeon is not an insurer of results, no presumption of negligence can arise from the mere result of treatment upon the theory that it was not satisfactory, or less than could be desired, or even different from what might be expected. However, when the cause of injury does not occur in the ordinary course of things when proper care is exercised, and proper inferences may be drawn by ordinary men from the facts adduced, so that the presumption rests upon more than the mere fact of disappointing results from the treatment, the doctrine of *res ipsa loquitur* may apply, the applicability of the doctrine depending upon the facts and circumstances of each case.

4. **Negligence § 19c—Evidence of defendant in explanation does not preclude application of doctrine of res ipsa loquitur.**

Proof of facts invoking the doctrine of *res ipsa loquitur* establishes a *prima facie* case entitling plaintiff to the submission of the issue of negligence to the jury, and the doctrine does not merely cast the burden of going forward with the evidence on the defendant to explain the matters which are supposed to be peculiarly within his knowledge, and evidence in explanation offered by defendant does not rebut the presumption, but merely raises for the determination of the jury the question whether plaintiff has established negligence by the preponderance of the evidence, the credibility of the evidence remaining within the exclusive province of the jury.

5. **Physicians and Surgeons § 15e—Res ipsa loquitur applies when it is established that defendant surgeons left gauze sponge in wound after operation.**

Where it is established that defendant surgeons left a gauze sponge in a wound after an operation the doctrine of *res ipsa loquitur* applies upon the presumption that defendants failed to exercise due care to remove all foreign bodies from the wound after the operation, which presumption entitles plaintiff to go to the jury notwithstanding evidence on the part of the physicians as to the methods employed during the operation, the manner in which the gauze sponges were handled and the exercise of great care in the usual and customary manner to prevent leaving any sponges in the wound.

6. **Same—**

Plaintiff's evidence established that defendant physicians left a gauze sponge in the wound after the operation and that plaintiff suffered damages as a result thereof. *Held:* The fact of leaving a sponge in plaintiff's body is so inconsistent with due care as to raise an inference of negligence entitling plaintiff to go to the jury irrespective of the application of the doctrine of *res ipsa loquitur*.

STACY, C. J., concurring.

BARNHILL and WINBORNE, JJ., join in concurring opinion.

APPEAL by defendants, John T. Saunders and Julian A. Moore, from *Nettles, J.,* at December Term, 1940, of BUNCOMBE. Affirmed.

*Vonno L. Gudger for plaintiff, appellee.*
*Smathers & Meekins for defendants, appellants.*

SEAWELL, J. This cause comes here upon an appeal of the defendants, John T. Saunders and Julian A. Moore, from a judgment of Nettles, J., rendered in the Superior Court of Buncombe County, affirming the judgment of the general county court of Buncombe County, where recovery had been made against the defendants for injuries which the plaintiff alleges she sustained through the negligence of the defendants in leaving a gauze sponge deeply buried in the side of her leg or hip, about one-half inch from the thigh bone, where it had been placed during an operation performed upon her by the defendant Saunders, assisted by the defendant Moore.

It was admitted by the defendant Saunders that the gauze sponge had been thus left in plaintiff's body at the conclusion of the operation and that it had remained there for a period of some months until the second operation, when it was removed. The defendant Moore was not present at the second operation, but proof that the gauze had been left in the surgical wound, which had been closed over it, was plenary.

The evidence tends to show that suppurating channels, or sinuses, were formed in the leg, beginning in the vicinity of the gauze sponge and extending through intervening tissues to the exterior, where quantities of offensive pus were discharged until the second operation. Prior to this second operation, opaque oil was injected into these canals, and one of them traced the canal, or sinus, to its origin at the sponge, and another sinus, or canal, lay within a quarter of an inch of this. Methylene blue, similarly injected to define the sides of the sinus for excision, followed the same course and stained the sponge a greenish blue. The hospital chart showed that the gauze sponge was infiltrated with scar tissue.

There was evidence sufficient for the jury to consider as showing proximate causative connection between the presence of the pad and certain deleterious conditions complained of—amongst them excessive pain, inconvenience, physical and mental discomfort and suffering, disorder of the nervous system, and possibly permanent injury through the stiffening of the knee joint.

Both of the defendants assisted in placing the gauze sponges in the wound and, under the evidence, we think were both charged with the duty of exercising due care in their removal.

Both of the defendants testified as to the methods employed during the operation, the manner in which the gauze sponges, nearly one hundred in number, had been handled, and both from observation and as experts testified that great care had been exercised in the usual and customary manner to prevent leaving any sponges in the wound. They described the system used as "palpating," or feeling for the sponges, and testified that this was done thoroughly and with due care.

Several experts were examined who, in answer to hypothetical questions, approved of the methods employed by the defendants. Their evidence, however, was largely directed to an approval of the general treatment given by Dr. Saunders to his patient and to the general result produced.

There are some exceptions to the instructions given to the jury upon the trial, but it is unnecessary to discuss them in detail here, as we do not find them sufficiently meritorious to entitle the defendants to a new trial.

The real controversy here is over the refusal of the trial judge to grant the defendants' motions for judgment as of nonsuit, made upon the trial.

The defendants contend that there was no evidence of negligence on the trial of the cause, except that which might be inferred from the doctrine of *res ipsa loquitur,* applied to the fact of leaving the gauze sponge in plaintiff's body at the first operation. They contend that the doctrine of *res ipsa loquitur* has no application to the facts of this case; but that if it does apply, its force is spent, and the presumption of negligence raised by it is fully met, when upon the trial an explanation was given with regard to the matter and the facts made fully known.

It is a well settled rule that upon a motion by the defendant for judgment as of nonsuit, the reviewing court cannot consider the evidence of defendant, whether contradicted or uncontradicted, except in such respect as it may tend to support plaintiff's case. *Davidson v. Telegraph Co.,* 207 N. C., 790, 178 S. E., 603. The plaintiff may predicate his recovery upon his own evidence or upon the evidence of the defendant, or both. The concern of the Court is to ascertain whether there is any evidence— not to determine whether that produced by one side or the other should be believed. We have thought it convenient, however, to refer to the defendants' evidence that due care had been exercised, in order to discuss their contention with regard to the motion for judgment as of nonsuit, particularly in connection with the view they take of the nonapplicability of *res ipsa loquitur,* and its effect upon the case, if applied, in view of defendants' explanation of the facts.

Much loose discussion has been given to the question of the availability of *res ipsa loquitur* in medical and surgical cases involving charges

of malpractice. Our own Court has been somewhat restrictive in applying the doctrine. The restrictions, none too well defined and, therefore, the source of controversy, seem to spring from the recognized and often repeated rule that a physician or surgeon is not a guarantor of the result of his treatment. Some further obstacles to the application of the doctrine in certain connections have arisen from two conflicting theories, which we sometimes find advanced in the same case: First, that the practice of medicine and surgery is largely empirical (which means unscientific), therefore, the doctrine would have little or no significance; and, second, that these professions are so highly scientific that the doctrine or inference would have no meaning except to men learned in the profession—certainly not to a jury. Either way you put it, on these theories all facts are considered consistent with proper treatment until professionally shown to be otherwise.

It follows, from the rule that the physician or surgeon is not an insurer of results, that no presumption can arise from the mere result of a treatment upon the theory that it was not satisfactory or less than could be desired, or different from what might be expected. *Red Cross Medical Service Co. v. Greene,* 126 Ill. A., 214; *Thorp v. Talbert,* 197 Iowa, 95, 196 N. W., 716. We must not be understood as holding that under no circumstances might the condition in which the plaintiff has been left, as the result of the treatment, give rise to the presumption of *res ipsa loquitur,* or that under no circumstances may a treatment, however unreasonable and plainly destructive of the curative purpose, give rise to the doctrine, despite the empiric and professional veil. Such cases must stand upon their own bottoms.

But where proper inferences may be drawn by ordinary men from proved facts which give rise to *res ipsa loquitur* without infringing this principle, there should be no reasonable argument against the availability of the doctrine in medical and surgical cases involving negligence, just as in other negligence cases, where the thing which caused the injury does not happen in the ordinary course of things, when proper care is exercised. *Vergeldt v. Haartzell,* 1 F. (2d), 633; *Brown v. Shortlidge,* 277 P., 134; *Shockley v. Tucker,* 127 Iowa, 456, 103 N. W., 360; *Beckwith v. Boynton,* 235 Ill. App., 469; *Sweeney v. Erving,* 35 App. (D. C.), 57 (Aff. 228 U. S., 233, 57 L. Ed., 815).

The case at bar stands entirely clear from this field.

Uniformly, in this and other courts, *res ipsa loquitur* has been applied to instances where foreign bodies, such as sponges, towels, needles, glass, etc., are introduced into the patient's body during surgical operations and left there. *Pendergraft v. Royster,* 203 N. C., 384, 166 S. E., 285, and cases cited; *Quell v. Tennery,* 262 Mass., 54, 159 N. E., 45; *Sellers v. Noah,* 209 Ala., 103, 95 S., 167; *Ault v. Hall,* 119 Ohio State, 422, 164 N. E., 518; *Davis v. Kerr,* 239 Pa., 35, 86 A., 1007.

Shearman & Redfield on Negligence, section 59 (quoted in *Pendergraft v. Royster, supra,* and *Covington v. James,* 214 N. C., 71, 197 S. E., 701), is a guarded statement of the applicability and propriety of the doctrine that should anticipate and free it from the objections usually urged in cases of this kind. "The maxim *res ipsa loquitur* applies in many cases, for the affair speaks for itself. It is not that in any case negligence can be assumed from the mere fact of an accident and an injury, but in these cases the surrounding circumstances which are necessarily brought into view, by showing how the accident occurred, contain without further proof sufficient evidence of the defendant's duty and of his neglect to perform it. The fact of the casualty and the attendant circumstances may themselves furnish all the proof that the injured person is able to offer or that it is necessary to offer." We think the doctrine is applicable to the present case.

We cannot agree with the defendants' counsel that *res ipsa loquitur* affords only an infertile presumption, designed merely to require the defendants to go forward with the evidence, or that the inferences drawn from it are fully met when evidence of the facts is introduced. We are aware that the rule, as contended for by the defendants, has been applied in some jurisdictions; but in those States where both the credibility of witnesses and the weight of evidence is a matter for the jury, and the explanation is in defendant's evidence, the rule, necessarily, does not apply. *Tennessee C. R. Co. v. Walker,* 155 Ky., 768, 160 S. W., 494; *Louisville v. Dahl,* 170 Ky., 281, 185 S. W., 1127; *Lally v. Prudential Life Ins. Co.,* 75 N. H., 148, 172 A., 208; *Ohio National Ins. Co. v. Craddock,* 221 Ky., 821, 299 S. W., 964; *Ryan v. Fall River Iron Works Co.,* 200 Mass., 188, 86 N. E., 310; *Lindenbaum v. N. Y., N. H., & Hudson R. Co.,* 197 Mass., 314, 84 N. E., 129; *Gannon v. LaClede Gaslight Co.,* 145 Mo., 502, 43 L. R. C., 505, 46 S. W., 908, 47 S. W., 907.

The effect of the presumption is no longer an open question in this State. The decisions are contrary to the proposition that any explanation which the defendant may see fit to furnish of matters which are supposed to be peculiarly within his knowledge is sufficient to rebut the *prima facie* case which *res ipsa loquitur* has made, or to repel the presumption, or, rather, inferences, which the jury may draw from it. It is still a matter for the jury. "*Res ipsa loquitur,* where it applies, does not convert the defendant's general issue into an affirmative defense. *When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff.* Such, we think, is the view generally taken of the matter in well considered judicial opinions." *Modlin v. Simmons,* 183 N. C., 63, 65, 110 S. E., 661. That the probative force of *res ipsa loquitur* does not disappear upon the introduction of defend-

ants' explanatory evidence is made clear from the comprehensive and discriminating opinion by *Justice Adams,* speaking for the unanimous Court, in *White v. Hines,* 182 N. C., 275, 109 S. E., 31, in which the result is summed up: "In cases of negligence, in which the doctrine of *res ipsa loquitur* applies, after all the evidence is introduced, the vital question is not whether the defense specifically relied on is established to the entire satisfaction of the jury, *but whether on the issue of negligence the evidence preponderates in favor of the plaintiff, and by this test the answer to the issue is to be determined."* Announcing the same principle are: *Page v. Mfg. Co.,* 180 N. C., 330, 104 S. E., 667; *Morrisett v. Cotton Mills,* 151 N. C., 31, 65 S. E., 514; *Winslow v. Hardwood Co.,* 147 N. C., 275, 60 S. E., 1130; *Stewart v. Carpet Co.,* 138 N. C., 60, 50 S. E., 562; *Womble v. Grocery Co.,* 135 N. C., 474, 47 S. E., 493. This is in accord with the uniform holding in the great majority of the jurisdictions of this country. 45 C. J., p. 1219, sections 783, 784, and notes. The small number of cases holding otherwise have been rejected by our Court.

But the plaintiff need not invoke the doctrine of *res ipsa loquitur* in order to prevail in this case. The fact itself, that is, the leaving of a sponge within the body of the patient, is so inconsistent with due care as to raise an inference of negligence. Whatever may be said of the applicability of *res ipsa loquitur,* natural evidence cannot be withdrawn from the jury by applying to it a doctrinal label.

We think the challenged evidence sufficient to sustain the verdict. We find no error in the trial of the case, and the judgment of the court below is

Affirmed.

STACY, C. J., concurs on the ground that the evidence is sufficient to carry the case to the jury, but is not in accord with all that is said in the opinion on the application of *res ipsa loquitur,* especially in respect of its presumptive effect. 20 Am. Jur., 215; 20 R. C. L., 185, *et seq.*

The charge contains an inexact expression in reference to the "proper degree of skill" required of the defendant. Taken contextually, however, it is not perceived that any material prejudice resulted therefrom.

BARNHILL and WINBORNE, JJ., join in this opinion.