AETNA LIFE INS. CO. v. MURRAY.

No. 13212.

Court of Civil Appeals of Texas. Dallas.

May 29, 1942.

Rehearing Denied June 26, 1942.

Lawther, Cramer, Perry & Johnson, of Dallas, for appellant.

James D. O'Connor, of Dallas, for appellee.

BOND, Chief Justice.

Frances Elizabeth Murray brought this suit to recover from Aetna Life Insurance Company the proceeds of a double indemnity life insurance policy for $2,000, issued on March 27, 1931, to her husband, Francis Bernard Murray, in which she was named beneficiary; premiums of $15.42 were payable semi-annually on the 27th days of March and September of each year; the policy provides for several optional nonforfeiting provisions upon default in payment of premiums, and in event no one of the provisions is elected by the insured, "the insurance will be continued automatically as extended term insurance," as in this case, for eleven years and two hundred twenty-three days.

On November 1, 1939, the insured was accidentally killed in an automobile collision, resulting in the suit for the face value of the policy, $2,000, with six per cent interest from the date of the insured's death until paid, twelve per cent penalty, $750 attorney's fee, and all cost of suit.

The cause was tried to a jury and on findings, (1) that the insured paid the September 27, 1939, semi-annual premium to an authorized agent of the defendant Company, at Dallas, Texas; and (2) that $400 was a reasonable attorney's fee for services of the attorney in prosecuting the suit, judgment was entered in plaintiff's favor for the sum of $2,502.08, and cost.

This appeal hinges on the sole contention that the policy had lapsed for nonpayment of the September 27, 1939, semi-annual premium and, in consequence, the trial court erred in not setting aside the verdict of the jury because said verdict is so against the evidence and the great preponderance of the evidence as to indicate prejudice and ought not to be sustained.

We are in accord with the many expressions of the courts of this state that trial courts should be more liberal in granting new trials where the verdict is manifestly against the weight of evidence, to the extent which shows that injustice has been done; and the trial judge should not abdicate the function of his office and permit the prerogative of the jury to be perverted to the accomplishment of a wrong; but to accomplish the true intendment of our judicature in the administration of justice through trial by juries, judges must ever be careful not to invade jury function in determining facts which reasonably invite differences as to their conclusion. Litigants are guaranteed a right of trial by jury and if there are facts which a jury should pass upon, it is the duty of the trial judge to properly submit them for the jury's determination, and on motion for new trial, indulge every reasonable presumption in favor of the verdict. After a careful perusal of this record, we are forced to the conclusion that the trial court did not err in refusing to set aside the verdict and grant a new trial.

Plaintiff's testimony evinces no ground for disbelief. Her testimony is clear and unequivocal, hence we see no reason to discredit it. She testified in effect that on September 27, 1939, she was present in the office of the Insurance Company, at Dallas, Texas, with her husband (the insured) and saw him pay to someone in the office the September semi-annual premium of $15.42, in cash; that she had been to the office many times prior to that date with her husband, for the purpose of paying premiums and, on each time, the company's agent there would give her husband a receipt for the payment, and that all such receipts have been misplaced. She gave evidence of her husband's accidental death on November 1, 1939, and, in due time, made proof of loss and demanded payment of the face value of the policy of insurance. She further testified that on March 7, 1940, she received from the company's office a written instrument, exhibited in plaintiff's evidence, as follows:

"Notice is hereby given that a premium will become due as stated below. If said premium is not paid on or before the date it is due, the policy and all payments thereon will become forfeited and void except as stated in the provisions on the other side hereof, which are hereby made a part of this notice.

| "Policy No. | Mo. | Date Premium is due. | Premium. |
|---|---|---|---|
| P–679213 | 6 | 27 Mar. 1940. | $15.42 |

"Please remit with this notice to W. G. Harris & Co. General Agents 1301 Republic Bank Bldg. Dallas, Texas. Pay no agent unless he has the Company's receipt

bearing the facsimile signature of Secretary."

In the light of plaintiff's testimony, we think the above notice tended strongly to corroborate her contention that the policy had not lapsed for nonpayment of the September premium. It is evident that had the September premium not been paid, the policy, by its own terms, would not have been alive and there would not have been due the semi-annual premium for March 27, 1940, and there would have been no occasion for the home office to give advance notice that such premium would become due, and, if not paid, the policy and all payments thereon would become forfeited. As is said in a similar case, Ohio Nat. Life Ins. Co. v. Craddock's Adm'r, 221 Ky. 821, 299 S.W. 964, 965: "In the usual course of events, such notices would not have been sent out if the November premium had not been paid. The fact that they were sent out therefore tended to establish that the November premium had been paid." The notice there involved was the same as herein recited.

■ It might be true, as contended by the Insurance Company, that the warning notice was sent out by mistake, and there is some evidence bearing on such contention; if so, it was the function of the jury to weigh the evidence and decide the issue. Then, too, the evidence offered by the Insurance Company is to the effect that the records of the company, both in the Dallas office and in the home office at Hartford, Conn., show that the September premium was not paid, that the official receipt of the company issued for that premium had not passed to the insured, and because of such nonpayment, the policy had lapsed. Whether the September semi-annual premium had, in fact, been paid, was the controversial issue, and the jury having decided the issue in plaintiff's favor, we think the trial court would not have been justified to set aside the finding for lack of substantial evidence to sustain the verdict, although the judge may have expressed his conviction ex parte, as the record indicates, that had he been the trier of the facts, the result might have been different.

■ Aside from the controversial issue as to the payment of the alleged defaulted premium, it is undisputed that, at the time the premium should have been paid to avoid the lapsing of the policy of insurance, and at the time of the death of the insured, the Insurance Company was indebted to the insured, under the terms of the policy, on account of accumulated dividends, in the sum of $4.41, and that the insured had not elected to have the dividends applied to any of the optional nonforfeiting provisions of the policy; therefore, we think it was the duty of the company, under the circumstances, to apply the dividends to the payment of any defaulting premiums of the insured, rather than to declare the policy forfeited. It is in evidence that if the dividends had been so applied, the policy would not have lapsed, and, at the death of the deceased, the policy would have been in full force. At any rate, the company had not then declared the policy in default, and, being indebted to the insured, we think the liberality of the law in favor of the insured, disfavoring forfeitures of insurance, impels the application of the dividends to the alleged defaulted premium.

Reviewing the case as did the trial court, we are of the opinion that the judgment below should be affirmed; it is so ordered.

Affirmed.