RICHARD L. HYDER AND WIFE, GRACE A. HYDER, v. DAVID A. WEILBAECHER, M.D.

No. 8128SC143

(Filed 20 October 1981)

**1. Negligence § 6; Physicians and Surgeons §§ 16, 18— res ipsa loquitur applicable—wire left in patient's body**

Where the plaintiff established, by credible proof, circumstances by which a reasonable mind might infer an 8-½ inch wire was left in the feme plaintiff's body as a result of a cut-down procedure performed by defendant surgeon, they were entitled to a res ipsa loquitur instruction as defendant failed to offer some explanation, which as a matter of law, destroyed the probative force of the circumstances.

**2. Physicians and Surgeons § 16— res ipsa loquitur—instructions to jury**

It was error for the trial judge to charge that: "If an object such as a wire causes an injury and is shown to be under the exclusive control of the defendant and the incident is such as in the ordinary course of things does not happen if the party having it under his control uses the proper care" and fail to add: "it furnishes or would be some evidence, in the absence of explanation of the defendant, that the accident arose from want of care" when instructing on the doctrine of res ipsa loquitur as the instruction omitted a reference to defendant's burden of explanation and the inference to be drawn therefrom.

**3. Physicians and Surgeons § 18— foreign substance left in patient—instruction on standard of care—expert testimony not necessary**

In a case where an 8-½ inch wire was left in a patient, it was error to instruct the jury that they could find the standard of care for a physician "through evidence presented by practitioners who were called as expert witnesses" as expert testimony was not necessary to establish the standard of care on the facts presented.

**4. Physicians and Surgeons § 14— burden of proof in malpractice action—instruction improper**

The trial court's instructions in a medical malpractice action were defective where they directed the jury to find against the plaintiffs if they failed to prove only one of three requirements defendant was obligated to comply with

in rendering professional services. Instructing on only one requirement instead of all three was prejudicial error as plaintiffs would be entitled to recover if they proved defendant failed to comply with any one of the three requirements.

APPEAL by plaintiffs from *Thornburg, Judge.* Judgment entered 12 June 1980 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 16 September 1981.

This appeal arises out of a medical malpractice action in which plaintiffs, Mrs. Grace Hyder and her husband, allege that a thin gauge stainless steel wire was negligently left in Mrs. Hyder's body following surgery. On 6 October 1975 the defendant, Dr. David Weilbaecher, performed a laparotomy (exploratory surgery on the abdomen) on Mrs. Hyder. Because of the poor condition of Mrs. Hyder's veins at the time of surgery, it was necessary to perform a "cutdown procedure" in order to insert the catheter or intravenous line. That is, rather than merely inserting a needle into a vein, Dr. Weilbaecher was required to make an incision over Mrs. Hyder's right jugular vein, and after lifting it, to manually thread an I.V. line through a small incision in the vein itself. Mrs. Hyder alleges that the catheter contained within it a thin stainless steel wire which was left in her body after the line was removed. The defendant doctor denied that the I.V. line which he inserted contained such a wire.

Testimony tended to show that prior to 6 October 1975, Mrs. Hyder had undergone one other cutdown procedure, performed by another surgeon; and that over the course of her illness several catheters had been inserted for I.V. purposes.

Subsequent to the 6 October 1975 operation, Mrs. Hyder began to complain of chest and abdominal pains. She was hospitalized in November of 1975 and again in December. In April 1976 she began to experience abdominal swelling. In May 1976 the defendant doctor performed a second operation, at which time he removed an 8-1/2 inch steel wire which was embedded in Mrs. Hyder's liver.

The incision created by this second operation did not heal properly. Mrs. Hyder underwent surgery again in February of 1978 at North Carolina Baptist Hospital in Winston-Salem. The surgeon removed adhesions or scarring in Mrs. Hyder's abdominal cavity, conceivably related to the May 1976 surgery.

As a result of her medical problems, Mrs. Hyder has been unable to work. She has lost weight and cannot function effectively at home. Her husband has incurred medical bills amounting to $43,000.

From a jury verdict in defendant's favor, plaintiffs appeal.

*Roberts, Cogburn and Williams, by Landon Roberts, and Long, McClure, Parker & Payne, by Robert B. Long, Jr., for plaintiff appellants.*

*Dameron and Burgin, by Charles E. Burgin, for defendant appellee.*

MARTIN (Harry C.), Judge.

Plaintiffs' assignments of error relate solely to exceptions taken to several portions of the trial court's instructions to the jury. As the doctrine of res ipsa loquitur is applicable to the facts of the case and critical to an understanding of the alleged errors in the jury charge, we will first review the law in this area.

. . A surgeon is not ordinarily an insurer of the success of his operation, and in malpractice actions there is generally no presumption of negligence in the failure to successfully effect a remedy. *Starnes v. Taylor,* 272 N.C. 386, 158 S.E. 2d 339 (1968); *Pendergraft v. Royster,* 203 N.C. 384, 166 S.E. 285 (1932). There is, however, an exception to this rule. When the facts of the case manifest such obvious lack of skill and care, they may afford in themselves an inference of negligence, thereby invoking the doctrine of res ipsa loquitur. The doctrine of res ipsa loquitur has been recognized to apply in actions for malpractice where a surgeon has left a foreign object or substance in a patient's body after an operation. *Mitchell v. Saunders,* 219 N.C. 178, 13 S.E. 2d 242 (1941); *Pendergraft, supra.* A surgeon is under a duty to remove all harmful and unnecessary foreign objects at the completion of the operation. Thus the presence of a foreign object raises an inference of lack of due care. If the facts of the case justify the application of the doctrine of res ipsa, the nature of the occurrence and the inference to be drawn supply the requisite degree of proof to carry the case to the jury without direct proof of negligence. *Young v. Anchor Co.,* 239 N.C. 288, 79 S.E. 2d 785 (1954). The effect of the doctrine of res ipsa, while not relieving

the plaintiff of the burden of proof, is significant. It enables the plaintiff to make out a prima facie case by furnishing some evidence, an inference, of want of care. *Mitchell, supra.*

[1]  Turning now to the present case, the threshold question is whether plaintiffs offered sufficient evidence at trial to invoke the doctrine of res ipsa loquitur. We have examined the record carefully, focusing our attention primarily on defendant's contention that an 8-½ inch wire was present in Mrs. Hyder's body prior to the cutdown procedure performed on 6 October 1975. There is some merit to defendant's position inasmuch as Mrs. Hyder underwent a similar cutdown procedure on 6 August 1975. However, numerous X rays were taken of Mrs. Hyder's chest and abdominal area between 6 August and 6 October. Based on these X rays there is ample credible testimony from the physician who performed the first procedure, as well as from the hospital radiologist, that no foreign object, specifically an 8-½ inch wire, was then present in Mrs. Hyder's body. Between 6 October and 17 November no X rays were taken. The 17 November X rays and those taken subsequently show the radiopaque marker of the wire first within the upper chest area, then later in the abdominal area, and finally embedded in the liver. We are satisfied that defendant's evidence does not rebut these findings.

Where the plaintiffs have established, by credible proof, circumstances from which a reasonable mind might infer that the wire entered as a result of the 6 October cutdown, they are entitled to a res ipsa instruction unless defendant offers some explanation which as a matter of law destroys the probative force of these circumstances. A defendant's evidence in explanation has been held not to rebut the presumption arising under the doctrine of res ipsa, but merely to raise an issue for the determination of the jury. Moreover, where a defendant's negligence appears to be the more probable explanation of the injury, the plaintiff need not exclude all other persons who might possibly be responsible. *See Mitchell, supra. See also Mondot v. Vallejo General Hospital,* 152 Cal. App. 2d 588, 313 P.2d 78 (1957); *Johnson v. Ely,* 30 Tenn. App. 294, 205 S.W. 2d 759 (1947). We conclude that the presence of an 8-½ inch stainless steel wire embedded in Mrs. Hyder's liver, allegedly there as the result of a cutdown procedure performed by defendant, is so inconsistent with the exercise of due

care as to raise an inference of lack of care. Plaintiffs were therefore entitled to an instruction on the law of res ipsa loquitur.

[2]  In his charge to the jury, the trial judge instructed in part on the doctrine of res ipsa as follows:

> [I]f an object such as a wire causes an injury and is shown to be under the exclusive control of the defendant and the incident is such as in the ordinary course of things does not happen if the party having it under his control uses the proper care, (the principle of *res ipsa loquitor [sic]*, which means the thing speaks for itself, in such a case carries the question of negligence to the jury). [Parentheses ours.]

Plaintiffs take exception to this instruction in that it fails to include the following statement, which would appear before the material enclosed in parentheses: *it furnishes or would be some evidence, in the absence of explanation of the defendant, that the accident arose from want of care. Lea v. Light Co.*, 246 N.C. 287, 98 S.E. 2d 9 (1957); *Pendergraft, supra.* We agree that the trial judge erred in the omission of this statement.

The trial court's incomplete instruction deprived plaintiffs of the full advantage of the law upon which they rightfully relied. An instruction on res ipsa must include sufficient information to apprise the jury of the theory and significance of the doctrine. Of particular significance is the fact that the burden is on the defendant to come forward with an explanation of the events giving rise to the inference of lack of care. Absent an explanation satisfactory to the jury, it is incumbent upon them to consider defendant's acts as some evidence of lack of care. *Mitchell, supra.* We hold that plaintiffs were prejudiced by the trial judge's error in omitting from his instructions a reference to defendant's burden of explanation and the inference to be drawn therefrom.

[3]  Plaintiffs next take exception to the trial court's instruction that the only way the jury could properly find the standard of care for a physician on the facts of the case was "through evidence presented by practitioners who were called as expert witnesses." Plaintiffs contend that expert testimony is not necessary to establish the standard of care on these facts. We agree.

"Although no inference of the doctor's negligence usually arises upon proof of injury or other adverse consequence from treatment or medication, some results are so far out of the ordinary as to permit the jury, without the aid of experts, to find negligence." Byrd, *Proof of Negligence in North Carolina*, 48 N.C.L. Rev. 452, 465 (1970). Expert testimony is not necessary when the result is so inconsistent with care or when "the judgment of the reasonableness of what the doctor has done is clearly within the competence of the layman . . .." *Id. See also Pendergraft, supra.*

The facts of this case gave rise to the inference that the defendant doctor did not exercise due care. By imposing an external standard established by expert testimony, the trial court essentially negated this inference to plaintiffs' prejudice.

[4] Plaintiffs also except to that portion of the trial judge's final mandate which appeared as follows:

> Even if you find that a wire segment was found in the plaintiff's body several months after the cutdown procedure, but plaintiff has failed to satisfy you by the greater weight of the evidence that *defendant failed to exert his best judgment, skill and ability*, it would be your duty to answer the first issue [negligence] NO. [Emphasis supplied.]

The defect in this instruction is that it directed the jury to find against the plaintiffs if they failed to prove only *one* of the three requirements defendant was obligated to comply with in rendering professional services to Mrs. Hyder.

> A physician or surgeon who undertakes to render professional services must meet these requirements: (1) He must possess the degree of professional learning, skill and ability which others similarly situated ordinarily possess; (2) he must exercise reasonable care and diligence in the application of his knowledge and skill to the patient's case; and (3) he must use his best judgment in the treatment and care of his patient. If the physician or surgeon lives up to the foregoing requirements he is not civilly liable for the consequences. If he fails in any one particular, and such failure is the proximate cause of injury and damage, he is liable.

*Hunt v. Bradshaw*, 242 N.C. 517, 521-22, 88 S.E. 2d 762, 765 (1955) (citations omitted). The trial court only instructed on the third requirement. Plaintiffs would be entitled to recover if they proved defendant failed to comply with *any one* of the three requirements. Plaintiffs were entitled to such instruction in the final mandate, and the court's failure to so charge is prejudicial error.

Defendant points out that the language used in the trial judge's final mandate (quoted above) parallels that approved of in *Pendergraft*. In *Pendergraft*, however, the *defendant* appealed, alleging as error the trial court's charge to the jury upon the doctrine of res ipsa loquitur. In commenting on that portion of the charge to which we now refer, the Court found it "as favorable to defendant as could be asked for under the authorities." 203 N.C. at 397, 166 S.E. at 291. There is nothing in the case to suggest that had the plaintiff taken exception, the Court would have similarly approved the language.

This case involved a highly complex and lengthy trial in which plaintiffs were entitled to rely upon the doctrine of res ipsa loquitur. We note that after an hour of deliberation the jury returned for clarification of the definition of negligence. At this time the trial judge repeated the erroneous instructions. Under these circumstances we must find that plaintiffs are entitled to a new trial.

New trial.

Judges MARTIN (Robert M.) and BECTON concur.