TAYLORSVILLE FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff
v. L. Q. KEEN and wife, DORIS KEEN, Defendants

No. 9222SC691

(Filed 6 July 1993)

**Courts § 84 (NCI4th)— denial of summary judgment—subsequent allowance by another judge—absence of authority**

Where plaintiff's first motion for summary judgment was denied by one superior court judge, another superior court judge did not have authority to allow plaintiff's second motion for summary judgment on identical issues.

**Am Jur 2d, Courts §§ 87 et seq.**

Appeal by defendants from judgment entered 7 April 1992 by Judge Preston Cornelius in Alexander County Superior Court. Heard in the Court of Appeals 27 May 1993.

*Joel C. Harbinson for plaintiff appellee.*

*Edward Jennings for defendant appellants.*

COZORT, Judge.

Plaintiff Taylorsville Federal Savings and Loan Association loaned Ray Eugene Foy and Ruth Foy $20,000 pursuant to a promissory note executed by the parties on 7 November 1985. The note matured on 7 February 1986. Defendants L.Q. Keen and Doris Keen also signed the promissory note. On 26 May 1988, plaintiff filed this action against the Keens, alleging that they had failed to pay the indebtedness. The record reflects that the parties' attorneys were in contact concerning the taking of a voluntary dismissal by plaintiff, so long as defendants would not avail themselves of a statute of limitations defense in the event of a reinstatement of the action against them. No conditions were explicitly agreed upon, but the plaintiff's attorney nonetheless filed a voluntary dismissal on 3 March 1989.

Plaintiff re-filed the cause of action on 1 April 1991. Plaintiff never obtained leave of court to extend the one-year period for re-filing the action. On 1 August 1991, plaintiff filed a motion for summary judgment; the motion was denied by an order entered by Judge John M. Gardner on 12 August 1991. Defendants filed

a motion for summary judgment on 3 March 1992. Plaintiff filed a second motion for summary judgment on 13 March 1992. Following a hearing on the matter, Judge Preston Cornelius denied the defendants' motion for summary judgment and granted plaintiff's second motion for summary judgment. Defendants appeal. We reverse.

Defendants argue on appeal that plaintiff is barred from bringing this action, since plaintiff took a voluntary dismissal pursuant to N.C.R. Civ. P. 41 and failed to re-file the action until over two years later. We need not address the Rule 41 issue, however, because we find that the trial court did not have the authority to grant plaintiff's second motion for summary judgment.

"[A] motion for summary judgment denied by one superior court judge may not be allowed by another superior court judge on identical legal issues." *American Travel Corp. v. Central Carolina Bank*, 57 N.C. App. 437, 440, 291 S.E.2d 892, 894, *cert. denied*, 306 N.C. 555, 294 S.E.2d 369 (1982).

> This rule is based on the premise that no appeal lies from one superior court judge to another. Moreover . . . to allow an unending series of motions for summary judgment "would defeat the very purpose of summary judgment procedure, to determine in an expeditious manner whether a genuine issue of material fact exists and whether the movant is entitled to judgment on the issue presented as a matter of law."

*Id.* (quoting *Carr v. Carbon Corp.*, 49 N.C. App. 631, 634, 272 S.E.2d 374, 377 (1980), *disc. review denied*, 302 N.C. 217, 276 S.E.2d 914 (1981) ).

In the case below, plaintiff made, on 1 August 1991, a motion for summary judgment, which was denied. On 13 March 1992, plaintiff filed a second motion for summary judgment involving the same issue as presented by the initial motion. "[B]oth the language and policy behind N.C.R. Civ. P. 56 contemplate a single hearing on a motion for summary judgment involving the same case on the same legal issues." *Id.* at 441, 291 S.E.2d at 895. Because "[t]he issue may not be relitigated by way of a second motion for summary judgment before a different judge," *id.*, we conclude the trial court erred by granting plaintiff's motion for summary judgment. Having decided the summary judgment issue in defendants' favor, we need not address their additional assignment of error. The award of

summary judgment granted to plaintiff by Judge Cornelius is reversed and the cause is remanded.

Reversed and remanded.

Judges WELLS and JOHN concur.