ROSA CHILDERS FOX, Plaintiff v. RAY L. GREEN, M.D.; STATESVILLE CLINIC FOR OBSTETRICS & GYNECOLOGY, P.A.; and HOSPITAL CORPORATION OF NORTH CAROLINA d/b/a DAVIS COMMUNITY HOSPITAL, now DAVIS COMMUNITY HOSPITAL, L.L.C. d/b/a DAVIS MEDICAL CENTER, Defendants

No. COA02-1419

(Filed 2 December 2003)

**1. Courts— overruling prior judge—granting summary judgment after prior denial**

Although a trial court judge may have improperly ruled on a second motion for summary judgment after the first was denied by another judge, the ruling was reversed on its merits elsewhere in the opinion.

**2. Medical Malpractice— sponges to control bleeding—left inside body—res ipsa loquitur—therapeutic purpose—issue of fact**

Summary judgment for the defendants in a medical malpractice action was reversed where plaintiff alleged res ipsa loquitur arising from sponges being left inside plaintiff following childbirth, and defendants contended that the sponges had been used to control bleeding and had a therapeutic purpose. The resolution of this issue was for the jury.

**3. Pleadings— Rule 11 sanctions denied—second summary judgment motion—no improper purpose**

The trial court properly refused to award plaintiff Rule 11 sanctions for filing a second summary judgment motion after the first motion was denied. There was an additional issue and no evidence that the motion was filed for an improper purpose.

Appeal by plaintiff from order and judgment entered 20 May 2002 by Judge Mark Klass in the Superior Court in Alexander County. Heard in the Court of Appeals 26 August 2003.

*Edward Jennings, for plaintiff-appellant.*

*Parker, Poe, Adams & Bernstein, L.L.P., by Harvey L. Cosper, Jr. and John H. Beyer, for defendant-appellees Ray L. Green, M.D. and Statesville Clinic for Obstetrics & Gynecology, P.A.*

*Cranfill, Sumner & Hartzog, by David H. Batten, for defendant-appellee Davis Community Hospital, L.L.C. d/b/a Davis Medical Center.*

FOX v. GREEN

[161 N.C. App. 460 (2003)]

HUDSON, Judge.

This appeal arises from the grant of summary judgment in favor of defendants dismissing plaintiff's cause of action. For the following reasons, we reverse in part, affirm in part and remand.

On 4 March 1999, plaintiff, Rosa Childers Fox, filed a complaint against Ray L. Green, M.D., Statesville Clinic for Obstetrics and Gynecology, and Davis Community Hospital, alleging that during the delivery of her child at Davis Hospital, Dr. Green negligently left sponges in Ms. Fox's body that caused her pain and suffering and that necessitated a second surgery for their removal. On 23 May 2000, Davis Hospital moved for summary judgment, which motion Judge Erwin Spainhour denied on 17 August 2000.

Defendants Dr. Green and Statesville Clinic moved for summary judgment on 22 March 2002, asserting that Dr. Green left the sponges in Ms. Fox's body as a therapeutic measure, thus making the doctrine of *res ipsa loquitur* inapplicable to Ms. Fox's case. On 25 April 2002, Davis Hospital again moved for summary judgment, and by amended motion 26 April 2002, incorporated Dr. Green's therapeutic justification as a basis for summary judgment.

Superior court judge Mark E. Klass heard the motions for summary judgment, and on 20 May 2002, granted the motions as to all defendants, thereby dismissing plaintiff's cause of action. Plaintiff appeals.

On 6 March 1996, plaintiff arrived at Davis Hospital to give birth to her third child. Dr. Green, her prenatal physician as well as the attending physician at this birth, induced her labor. After a difficult labor, plaintiff's child experienced a rapid decrease in fetal heart rate immediately prior to delivery. Dr. Green performed a third-degree episiotomy, and the child was born vaginally, assisted by forceps and vacuum. During the delivery, there were lacerations to plaintiff's vagina, and hospital charts estimated that plaintiff lost approximately two liters of blood. In response to the bleeding, Dr. Green packed plaintiff's vagina with surgical sponges. The bleeding eventually stopped, a sponge removal was undertaken, and a surgical team assisted in closing the lacerations. The hospital chart spaces for "vaginal pack count" and "sponge count" were marked "N/A" for not applicable.

Plaintiff was discharged from the hospital on 8 March 1996, although she was complaining of severe abdominal pain and inability

to have a bowel movement since she gave birth. Over the next two days, her abdominal pain increased, and she was still unable to move her bowels. On 10 March 1996, plaintiff returned to Davis Hospital complaining of severe abdominal pain, a distended abdomen, swelling feet, lightheadedness, and bowel obstruction. X-rays revealed a retained surgical sponge within plaintiff's abdomen. That same day, Dr. Gary T. Robinson performed laparoscopic surgery to remove the retained sponge. Plaintiff's condition improved after the surgery, but she continues to experience abdominal pain and discomfort.

Anaylsis

I.

[1] First, plaintiff argues that the trial court improperly granted summary judgment in favor of defendant Hospital since a prior motion for summary judgment made by defendant Hospital involving the same legal issues had been denied by another superior court judge. We agree in part.

In *Taylorsville Fed. Sav. & Loan Ass'n v. Keen*, 110 N.C. App. 784, 431 S.E.2d 484 (1993), the plaintiff filed a motion for summary judgment, which was denied by a superior court judge. *Id.* at 784-85, 431 S.E.2d at 484. Approximately six months later, plaintiff filed a second motion for summary judgment, which was granted by a different superior court judge. *Id.* In reversing the grant of the second motion, this Court noted that "[A] motion for summary judgment denied by one superior court judge may not be allowed by another superior court judge on identical legal issues." *Id.* at 785, 431 S.E.2d at 484 (quoting *American Travel Corp. v. Central Carolina Bank*, 57 N.C. App. 437, 440, 291 S.E.2d 892, 894, *cert. denied*, 306 N.C. 555, 294 S.E.2d 369 (1982)). The Court further noted that:

> This rule is based on the premise that no appeal lies from one superior court judge to another. Moreover . . . to allow an unending series of motions for summary judgment would defeat the very purpose of summary judgment procedure, to determine in an expeditious manner whether a genuine issue of material fact exists and whether the movant is entitled to judgment on the issue presented as a matter of law.

*Id.* (citations and internal quotations omitted).

This rule, however, is not without exceptions. Subsequent motions for summary judgment are allowed when they present legal

issues different than those raised in prior motions. See *Carr v. Carbon Corp.*, 49 N.C. App. 631, 635, 272 S.E.2d 374, 377 (1980), *disc. review denied*, 302 N.C. 217, 276 S.E.2d 914 (1981). The presentation of a new legal issue is distinguishable from the presentation of additional evidence. "It is the rule in this State that an additional forecast of evidence does not entitle a party to a second chance at summary judgment on the same issues." *Metts v. Piver*, 102 N.C. App. 98, 100-01, 401 S.E.2d 407, 408 (1991).

Here, defendant Hospital first moved for summary judgment on 22 May 2000. In support of that motion, defendant Hospital argued that *res ipsa loquitur* was inapplicable to plaintiff's negligence claim, or in the alternative that plaintiff could not produce expert testimony that defendant Hospital breached any duty of care owed to plaintiff. On his own accord, the judge raised the issue of whether defendant Hospital could be held liable for corporate negligence by allowing an unqualified doctor to operate in its hospital. In an order entered 16 August 2000, the court denied the motion, citing "*Blanton v. Moses H. Cone Hospital*, 319 N.C. 372, 376-77 (1987)" (corporate hospital may be liable for negligence of doctor).

On 25 April 2002, defendant Hospital filed a second motion for summary judgment, and by amended motion on 26 April 2002, again argued *res ipsa loquitur* was inapplicable to plaintiff's claim and offered a therapeutic justification for the retention of the sponge as a basis for its inapplicability. Additionally, defendant Hospital sought summary judgment on the issue of plaintiff's claim for punitive damages. Although it appears that the parties made essentially the same arguments about *res ipsa loquitur* in both proceedings, notwithstanding defendant Hospital's therapeutic justification argument, see *Metts*, 102 N.C. App. at 100-01, 401 S.E.2d at 408, neither order clearly specifies the ground upon which it is based. Thus, even if the second judge improperly ruled upon the issue of liability, the issue of punitive damages was not argued in the materials supporting the first motion, and thus was an appropriate matter for the second ruling.

Plaintiff presents no argument in support of the contention within her complaint that she is entitled to an award of punitive damages against defendant Hospital. Rule 28 of the Rules of Appellate Procedure provides that questions not presented and discussed in a party's brief are deemed abandoned. N.C.R. App. P. 28(a); see also *Gentile v. Town of Kure Beach*, 91 N.C. App. 236, 237, 371 S.E.2d 302, 303 (1988). Thus, we do not address the issue of punitive damages. However, even though the court may have improperly ruled on the

issue of liability for a second time, we reverse the trial court's order on its merits, as set forth below.

## II.

**[2]** Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. § 1A-1, Rule 56(c) (2001). The purpose of the rule is to avoid a formal trial where only questions of law remain and where an unmistakable weakness in a party's claim or defense exists. *Dalton v. Camp*, 353 N.C. 647, 650, 548 S.E.2d 704, 707 (2001). Our Supreme Court has elaborated that:

> an issue is genuine if it is supported by substantial evidence, which is that amount of relevant evidence necessary to persuade a reasonable mind to accept a conclusion. Further, . . . an issue is material if the facts alleged would constitute a legal defense, or would affect the result of the action, or if its resolution would prevent the party against whom it is resolved from prevailing in the action.

*Liberty Mut. Ins. Co. v. Pennington*, 356 N.C. 571, 579, 573 S.E.2d 118, 124 (2002) (citations and internal quotations omitted).

"When considering a motion for summary judgment, the trial judge must view the presented evidence in a light most favorable to the nonmoving party." *Dalton*, 353 N.C. at 651, 548 S.E.2d at 707 (2001). "All inferences of fact must be drawn against the movant and in favor of the nonmovant." *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992).

Finally, it is a general rule that,

> issues of negligence are ordinarily not susceptible of summary adjudication either for or against the claimant "but should be resolved by trial in the ordinary manner." Hence it is only in exceptional negligence cases that summary judgment is appropriate because the . . . applicable standard of care must be applied, and ordinarily the jury should apply it under appropriate instructions from the court.

*Vassey v. Burch*, 301 N.C. 68, 73, 269 S.E.2d 137, 140 (1980) (internal citations omitted). Here, plaintiff has alleged that the doctrine of *res*

*ipsa loquitur* applies and that it is sufficient to allow her negligence claim to withstand summary disposition. We agree, and for the reasons set forth below, reverse the decision of the trial court.

The doctrine of *res ipsa loquitur*,

> in its distinctive sense, permits negligence to be inferred from the physical cause of an accident, without the aid of circumstances pointing to the responsible human cause. Where this rule applies, evidence of the physical cause or causes of the accident are sufficient to carry the case to the jury on the bare question of negligence. But where the rule does not apply, the plaintiff must prove circumstances tending to show some fault of omission or commission on the part of the defendant in addition to those which indicate the physical cause of the accident.

*Harris v. Mangum*, 183 N.C. 235, 237, 111 S.E. 177, 178 (1922). Thus, " '[r]es ipsa loquitur* (the thing speaks for itself) simply means that the facts of the occurrence itself *warrant an inference of defendant's negligence, i.e.*, that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking.' " *Sharp v. Wyse*, 317 N.C. 694, 697, 346 S.E.2d 485, 487 (1986) (emphasis in original) (quoting *Kekelis v. Machine Works*, 273 N.C. 439, 443, 160 S.E.2d 320, 323 (1968)). However,

> applicability of the *res ipsa loquitur* doctrine depends on whether as a matter of common experience it can be said the accident could have happened without dereliction of duty on the part of the person charged with culpability.

*Diehl v. Koffer*, 140 N.C. App. 375, 378, 536 S.E.2d 359, 362 (2000) (citations omitted and emphasis removed).

"Uniformly, in this and other courts, *res ipsa loquitur* has been applied to instances where foreign bodies, such as sponges, towels, needles, glass, etc., are introduced into the patient's body during surgical operations and left there." *Mitchell v. Saunders*, 219 N.C. 178, 182, 13 S.E.2d 242, 245 (1941); see also *Tice v. Hall*, 310 N.C. 589, 313 S.E.2d 565 (1984); *Pendergraft v. Royster*, 203 N.C. 384, 166 S.E. 285 (1932); *Hyder v. Weilbaecher*, 54 N.C. App. 287, 283 S.E.2d 426 (1981), *disc. review denied*, 304 N.C. 727, 288 S.E.2d 804 (1982). "[W]ell-settled law in this jurisdiction is and has been that 'a surgeon is under a duty to remove all harmful and unnecessary foreign objects at the completion of the operation. Thus the presence

of a foreign object raises an inference of lack of due care.' " *Tice*, 310 N.C. at 593, 313 S.E.2d at 567 (quoting *Hyder*, 54 N.C. App. at 289, 283 S.E.2d at 428).

Defendants argue that the sponge was left in plaintiff's body for therapeutic purposes, which nullifies the application of *res ipsa loquitur*. We disagree and hold that *res ipsa loquitur* permits a jury to infer negligence here.

In *Mitchell*, a sponge was left in plaintiff's body following a surgical procedure. Both doctors involved in the surgery testified to the procedures used to ensure that no sponges were left in the patient's body and that these procedures were carried out with due care. Various experts also testified to the adequacy of the procedures employed by the defendant doctors. The Supreme Court held, however, that the doctrine of *res ipsa loquitur* applied, and that once applicable the inference of negligence created does not disappear upon the introduction of an explanation by defendant. *Id.* at 183-84, 13 S.E.2d at 246. Here, as in *Mitchell*, the defendants may raise their therapeutic justification at trial to rebut the inference of negligence raised by *res ipsa loquitur*. The resolution of these issues is for the jury.

### III.

**[3]** Finally, plaintiff argues that the superior court erred by refusing to award plaintiff sanctions against defendant Hospital when defendant Hospital filed a second motion for summary judgment on what plaintiff claims were the same legal issues as those raised in defendant Hospital's first motion for summary judgment. We disagree.

A trial court's decision to deny sanctions under Rule 11 of the Rules of Civil Procedure is reviewed *de novo. Turner v. Duke Univ.*, 325 N.C. 152, 165, 381 S.E.2d 706, 714 (1989). On review, the appellate court determines: (1) whether the trial court's conclusions of law support its judgment or determination; (2) whether the trial court's conclusions of law are supported by its findings of fact; and (3) whether the findings of fact are supported by the sufficiency of the evidence. *Id.* If the trial court makes no findings of fact or conclusions of law in its denial of Rule 11 sanctions, then the case must be remanded unless there is no evidence in the record, when viewed in the light most favorable to the moving party, which could support an award of sanctions. *DeMent v. Nationwide Mut. Ins. Co.*, 142 N.C. App. 598, 606, 544 S.E.2d 797, 802 (2001).

Rule 11 of the Rules of Civil procedure provides in pertinent part that:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation . . . . If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction[.]

G.S. § 1A-1, Rule 11(a) (2001).

As noted above, the second motion sought summary judgment on liability due in part to the defendants' therapeutic justification argument, and on an additional issue, that of punitive damages. Even assuming that the second motion on liability was not well grounded, we see no evidence in the record that the motion was "interposed for any improper purpose." Thus, plaintiff's motion for sanctions was properly denied.

### Conclusion

For the foregoing reasons, we reverse the order granting summary judgment to defendants on the issue of negligence based on *res ipsa loquitur*, and affirm the trial court in regards to its ruling on punitive damages.

Reversed in part, affirmed in part, and remanded.

Judges WYNN and CALABRIA concur.